1  KEITH A. JACOBY, Bar No. 150233
   kjacoby@littler.com
2  LITTLER MENDELSON, P.C.
   2049 Century Park East, 5th Floor
3  Los Angeles, CA  90067.3107
   Telephone:    310.553.0308
4  Fax No.:       310.553.5583

5  MICHELLE B. HEVERLY, Bar No. 178660
   meverly@littler.com
6  SOPHIA BEHNIA, Bar No. 289318
   sbehnia@littler.com
7  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
8  San Francisco, CA  94108.2693
   Telephone:    415.433.1940
9  Fax No.:       415.399.8490

10  KARIN M. COGBILL, Bar No. 244606
    kcogbill@littler.com
11  LITTLER MENDELSON, P.C.
    50 W. San Fernando Street, 15th Floor
12  San Jose, CA  95113.2303
    Telephone:    408.998.4150
13  Fax No.:       408.288.5686

14  Attorneys for Defendant
    FEDEX FREIGHT, INC.
15
    *(Additional counsel listed on the following page)*
16
                    UNITED STATES DISTRICT COURT
17
                    EASTERN DISTRICT OF CALIFORNIA
18

19  ROY D. TAYLOR, on behalf of himself          Case No.  1:13-cv-01137-LJO-BAM
    and all others similarly situated,
20                                               **STIPULATED PROTECTIVE ORDER;**
                        Plaintiff,               **ORDER**
21
    v.
22
    FEDEX FREIGHT, INC., an Arkansas
23  Corporation; and DOES 1 through 10,
    inclusive,
24
                        Defendants.
25

26

27

28
                                                 Case No.  1:13-cv-01137-LJO-BAM

1  MIREYA A.R. LLAURADO, Bar No. 194882
   mallaurado@fedex.com
2  FEDEX FREIGHT, INC.
   3425 Victor Street
3  Santa Clara, CA  95054
   Telephone: 408.654.3186
4  Facsimile: 408.654.3297

5  Attorneys for Defendant
   FEDEX FREIGHT, INC.
6

7  R. DUANE WESTRUP, Bar No. 58610
   PHILIP R. POLIINER, Bar No. 156145
8  ppoliner@westrupassociates.com
   CAT-TUONG N. BULAON, Bar No. 206612
9  cbulaon@westrupassociates.com
   WESTRUP KLICK, LLP
10 444 West Ocean Boulevard, Suite 1614
   Long Beach, CA  90802-4524
11 Telephone: 562.432.2551
   Facsimile: 562.435.4856
12
   Attorneys for Plaintiff
13 ROY TAYLOR

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.                    Case No.  1:13-cv-01137-LJO-BAM

STIPULATED PROTECTIVE ORDER AND ORDER

1    **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

2    **1.    PURPOSES AND LIMITATIONS**

3    Disclosure and discovery activity in this action are likely to involve production of

4    confidential, proprietary, or private information for which special protection from public disclosure

5    and from use for any purpose other than prosecuting this litigation may be warranted, as well as the

6    protections of a Court Order under FRE 502(d) and (e).  Accordingly, the parties hereby stipulate to

7    and petition the court to enter the following Stipulated Protective Order, as well as an Order,

8    pursuant to FRE 502, governing the return of inadvertently produced documents and data and

9    affording them the protections of FRE 502(d) and (e), on the terms set forth herein.  The parties

10   acknowledge that this Order does not confer blanket protections on all disclosures or responses to

11   discovery and that the protection it affords from public disclosure and use extends only to the limited

12   information or items that are entitled to confidential treatment under the applicable legal principles.

13   The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective

14   Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets

15   forth the procedures that must be followed and the standards that will be applied when a party seeks

16   permission from the court to file material under seal.

17   **2.    DEFINITIONS**

18   2.1    Challenging Party:   a Party or Non-Party that challenges the designation of

19   information or items under this Order.

20   2.2    "CONFIDENTIAL" Information or Items:   information (regardless of how it is

21   generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

22   Civil Procedure 26(c).

23   2.3    Counsel (without qualifier):  Outside Counsel of Record and In-house Counsel (see

24   Section 2.7), as well as their respective support staff.

25   2.4    Designating Party: A Party or Non-Party that designates information or items that it

26   produces in disclosures or in responses to discovery as "CONFIDENTIAL."

27   2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium

28   or manner in which it is generated, stored, or maintained (including, among other things, testimony,

3.    Case No.  1:13-cv-01137-LJO-BAM

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    In-house Counsel:  Attorneys who are employees of a party to this action.  In-house Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Case No.  1:13-cv-01137-LJO-BAM
STIPULATED PROTECTIVE ORDER AND ORDER

1    However, the protections conferred by this Stipulation and Order do not cover the following

2    information: (a) any information that is in the public domain at the time of disclosure to a Receiving

3    Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

4    publication not involving a violation of this Order, including becoming part of the public record

5    through trial or otherwise; and (b) any information known to the Receiving Party prior to the

6    disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

7    information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

8    Protected Material at trial shall be governed by a separate agreement or order.

9    **4.    DURATION**

10    Even after final disposition of this litigation, the confidentiality obligations imposed by this

11    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

12    otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

13    defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

14    and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

15    time limits for filing any motions or applications for extension of time pursuant to applicable law.

16    **5.    DESIGNATING PROTECTED MATERIAL**

17    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

18    Non-Party that designates information or items for protection under this Order must take care to

19    limit any such designation to specific material that qualifies under the appropriate standards. The

20    Designating Party must designate for protection only those parts of material, documents, items, or

21    oral or written communications that qualify – so that other portions of the material, documents,

22    items, or communications for which protection is not warranted are not swept unjustifiably within

23    the ambit of this Order.

24    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

25    to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

26    encumber or retard the case development process or to impose unnecessary expenses and burdens on

27    other parties) expose the Designating Party to sanctions.

28    If it comes to a Designating Party's attention that information or items that it designated for

1  protection do not qualify for protection, the Designating Party must promptly notify all other Parties

2  that it is withdrawing the mistaken designation.

3  5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g.,

4  second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

5  Discovery Material that qualifies for protection under this Order must be clearly so designated

6  before the material is disclosed or produced.

7          Designation in conformity with this Order requires:

8          (a)   for information in documentary form (e.g., paper or electronic documents, but

9  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

10  affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion

11  or portions of the material on a page qualifies for protection, the Producing Party also must clearly

12  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

13          A Party or Non-Party that makes original documents or materials available for inspection

14  need not designate them for protection until after the inspecting Party has indicated which material it

15  would like copied and produced. During the inspection and before the designation, all of the material

16  made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

17  identified the documents it wants copied and produced, the Producing Party must determine which

18  documents, or portions thereof, qualify for protection under this Order. Then, before producing the

19  specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

20  that contains Protected Material. If only a portion or portions of the material on a page qualifies for

21  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

22  appropriate markings in the margins).

23          (b)   for testimony given in deposition or in other pretrial or trial proceedings, that the

24  Designating Party identify on the record, before the close of the deposition, hearing, or other

25  proceeding, all protected testimony.  When it is impractical to identify separately each portion of

26  testimony that is entitled to protection, and when it appears that substantial portions of the testimony

27  may qualify for protection, the Party or Non-party that sponsors, offers, or gives the testimony may

28  invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days

1    after the date of mailing of the final transcript to identify in writing the specific portions of the

2    testimony as to which protection is sought. Only those portions of the testimony that are

3    appropriately designated for protection within the 20 days shall be covered by the provisions of this

4    Stipulated Protective Order. Transcript pages containing Protected Material shall be separately

5    bound by the court reporter, who shall affix to each such page the legend "CONFIDENTIAL."

6            (c)  for information produced in some form other than documentary and for any other

7    tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

8    containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

9    portion or portions of the information or item warrant protection, the Producing Party, to the extent

10   practicable, shall identify the protected portion(s).

11       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

12   designate qualified information or items does not, standing alone, waive the Designating Party's

13   right to secure protection under this Order for such material. Upon timely correction of a

14   designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

15   accordance with the provisions of this Order.

16   **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17       6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

18   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

19   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

20   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

21   confidentiality designation by electing not to mount a challenge promptly after the original

22   designation is disclosed.

23       6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process

24   by providing written notice of each designation it is challenging and describing the basis for each

25   challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

26   recite that the challenge to confidentiality is being made in accordance with this specific paragraph

27   of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

28   begin the process by conferring directly (in voice to voice dialogue; other forms of communication

1    are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

2    Party must explain the basis for its belief that the confidentiality designation was not proper and

3    must give the Designating Party an opportunity to review the designated material, to reconsider the

4    circumstances, and, if no change in designation is offered, to explain the basis for the chosen

5    designation. A Challenging Party may proceed to the next stage of the challenge process only if it

6    has engaged in this meet and confer process first or establishes that the Designating Party is

7    unwilling to participate in the meet and confer process in a timely manner.

8         6.3    Judicial Intervention.    If the Parties cannot resolve a challenge without court

9    intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21

10   days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

11   confer process will not resolve their dispute, whichever is earlier. Each such motion must be

12   accompanied by a competent declaration affirming that the movant has complied with the meet and

13   confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make

14   such a motion including the required declaration within 21 days (or 14 days, if applicable) shall

15   automatically waive the confidentiality designation for each challenged designation. In addition, the

16   Challenging Party may file a motion challenging a confidentiality designation at any time if there is

17   good cause for doing so, including a challenge to the designation of a deposition transcript or any

18   portions thereof. Any motion brought pursuant to this provision must be accompanied by a

19   competent declaration affirming that the movant has complied with the meet and confer

20   requirements imposed by the preceding paragraph.

21        The burden of persuasion in any such challenge proceeding shall be on the Designating

22   Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

23   unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

24   Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

25   retain confidentiality as described above, all parties shall continue to afford the material in question

26   the level of protection to which it is entitled under the Producing Party's designation until the court

27   rules on the challenge.

28

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).   CONFIDENTIAL information shall not be used or disclosed for any purpose whatsoever except the conduct of this litigation, and then only once appropriate protections have been put in place.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)   the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   Copies, Extracts, or Summaries of information designated "CONFIDENTIAL." No person shall make copies, extracts or summaries of information designated "CONFIDENTIAL" except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the conduct of this litigation.  Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying confidential status.  Counsel and all persons to whom CONFIDENTIAL information is disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

7.4   Hearings. In the event that any CONFIDENTIAL information is used in any public hearing in this action, the information shall not lose its confidential and privileged status through such use, and counsel shall take all steps reasonably required to protect the confidentiality of such information.

**8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this

1   Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

2          (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

3   Designating Party whose Protected Material may be affected.

4          If the Designating Party timely seeks a protective order, the Party served with the subpoena

5   or court order shall not produce any information designated in this action as "CONFIDENTIAL"

6   before a determination by the court from which the subpoena or order issued, unless the Party has

7   obtained the Designating Party's permission. The Designating Party shall bear the burden and

8   expense of seeking protection in that court of its confidential material – and nothing in these

9   provisions should be construed as authorizing or encouraging a Receiving Party in this action to

10   disobey a lawful directive from another court.

11   **9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

12   **THIS LITIGATION**

13          (a)      The terms of this Order are applicable to information produced by a Non-

14   Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-

15   Parties in connection with this litigation is protected by the remedies and relief provided by this

16   Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

17   additional protections.

18          (b)      In the event that a Party is required, by a valid discovery request, to produce a

19   Non-Party's confidential information in its possession, and the Party is subject to an agreement with

20   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

21        (1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of

22   the information requested is subject to a confidentiality agreement with a Non-Party;

23        (2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this

24   litigation, the relevant discovery request(s), and a reasonably specific description of the information

25   requested; and

26        (3)      make the information requested available for inspection by the Non-Party.

27          (c)      If the Non-Party fails to object or seek a protective order from this court

28   within 14 days of receiving the notice and accompanying information, the Receiving Party may

1  produce the Non-Party's confidential information responsive to the discovery request. If the Non-

2  Party timely seeks a protective order, the Receiving Party shall not produce any information in its

3  possession or control that is subject to the confidentiality agreement with the Non-Party before a

4  determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden

5  and expense of seeking protection in this court of its Protected Material.

6  **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

7  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

9  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

10  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

11  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

12  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

13  Be Bound" that is attached hereto as Exhibit A.

14  **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED**

15  **MATERIAL**

16  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

17  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

18  are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

19  modify whatever procedure may be established in an e-discovery order that provides for production

20  without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

21  parties reach an agreement on the effect of disclosure of a communication or information covered by

22  the attorney-client privilege or work product protection, the parties may incorporate their agreement

23  in the stipulated protective order submitted to the court.

24  **12.    MISCELLANEOUS**

25  12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

26  its modification by the court in the future.

27  12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

28  no Party waives any right it otherwise would have to object to disclosing or producing any

1   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

2   Party waives any right to object on any ground to use in evidence of any of the material covered by

3   this Protective Order.

4       12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a

5   court order secured after appropriate notice to all interested persons, a Party may not file in the

6   public record in this action any Protected Material. A Party that seeks to file under seal any Protected

7   Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal

8   pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

9   to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected

10  Material at issue is entitled to protection under applicable law. If a Receiving Party's request to file

11  Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the

12  Receiving Party may file the information in the public record pursuant to Civil Local Rule 141

13  unless otherwise instructed by the court.

14  **13.   FINAL DISPOSITION**

15      Within 60 days after the final disposition of this action, as defined in paragraph 4, each

16  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

17  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

18  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

19  the Protected Material is returned or destroyed, the Receiving Party must submit a written

20  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

21  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

22  that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

23  abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

24  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

25  pleadings,   motion   papers,   trial,   deposition,   and   hearing   transcripts,   legal   memoranda,

26  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

27  and expert work product, even if such materials contain Protected Material. Any such archival copies

28  ///

1  that contain or constitute Protected Material remain subject to this Protective Order as set forth in

2  Section 4 (DURATION).

3

4  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6  DATED: January 30, 2014                    _____*/s/ Philip Poliner*_____
                                              Attorneys for Plaintiff

7

8  DATED: January 30, 2014                    _____*/s/ Sophia Behnia*_____
                                              Attorneys for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14.                          Case No.  1:13-cv-01137-LJO-BAM

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of _____

4  [print or type full address], declare under penalty of perjury that I have read in its entirety and

5  understand the Stipulated Protective Order that was issued by the United States District Court for the

6  Eastern District of California on _____ [date] in the case of *Roy Taylor v. FedEx*

7  *Freight, Inc.*, Case Number 1:13-cv-01137-LJO-BAM.  I agree to comply with and to be bound by

8  all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

9  comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

10  that I will not disclose in any manner any information or item that is subject to this Stipulated

11  Protective Order to any person or entity except in strict compliance with the provisions of this Order.

12    I further agree to submit to the jurisdiction of the United States District Court for the Eastern

13  District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

14  if such enforcement proceedings occur after termination of this action.

15    I   hereby   appoint   _____   [print   or   type   full   name]   of

16  _____ [print or type full address and telephone number] as

17  my California agent for service of process in connection with this action or any proceedings related

18  to enforcement of this Stipulated Protective Order.

19

20  Date: _____

21  City and State where sworn and signed: _____

22

23  Printed name: _____

24

25  Signature: _____

26  Firmwide:125213096.1 057116.1015

27

28

Case No.  1:13-cv-01137-LJO-BAM

STIPULATED PROTECTIVE ORDER AND ORDER

1

**ORDER**

2

    The above Stipulated Protective Order is APPROVED.

3

IT IS SO ORDERED.

4

5

   Dated:   **February 3, 2014**               /s/ *Barbara A. McAuliffe*

                                         UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1