# Exhibit A

1  R. DUANE WESTRUP (State Bar No. 58610)
   Scress@wkalaw.com
2  LAWRENCE R. CAGNEY (State Bar No. 141845)
   lcagney@wkalaw.com
3  WESTRUP KLICK, LLP
   444 West Ocean Boulevard, Suite 1614
4  Long Beach, California 90802-4524
   Telephone: (562) 432-2551
5  Facsimile: (562) 435-4856

6  Attorneys for Plaintiff
   ROY D. TAYLOR,
7  individually and on behalf of all others similarly situated

CONFORMED COPY
ORIGINAL FILED ON

JUN 13 2013

TODD H. BARTON, COURT EXECUTIVE OFFICER
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS

_____ DEPUTY

8       SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF KINGS

10

11  ROY D. TAYLOR on behalf of himself and all    Case No. **13  C0154**
    others similarly situated,
12                                                **CLASS ACTION**

13                    Plaintiff,                  **COMPLAINT FOR:**

14
                                                  1.  **Failure to Pay Wages** [*Labor Code*
15        v.                                          §§510, 1194, 1174, 1197];

16                                                2.  **Failure to Provide Meal and Rest**
                                                      **Periods** [*Labor Code* §§ 226.7, 512]
17  FEDEX FREIGHT, INC., an Arkansas
    Corporation; and DOES 1 through 10, inclusive, 3.  **Failure to Timely Pay Wages**
18                                                    [*Labor Code* §§ 203-204];

19                    Defendants.                 4.  **Failure to Maintain and Provide**
                                                      **Accurate Itemized Statements**
20                                                    [*Labor Code* § 226];

21                                                5.  **Unfair/Unlawful/Fraudulent**
                                                      **Business Practices** [*Business and*
22                                                    *Professions Code* §17200 *et seq.*];
                                                      and
23
                                                  6.  **Enforcement of Private Attorney**
24                                                    **General Act** [*Labor Code* § 2698 et
                                                      seq.];
25
                                                  **DEMAND FOR JURY TRIAL**
26

27                                                    BY FAX

28

1
**COMPLAINT**

# INTRODUCTION

1. This is a class action on behalf of a class of truck drivers who operated tractor-trailers who were or are employed by Defendant FEDEX FREIGHT, INC. ("FEDEX" or "Defendant") in California and who have been victims of Defendant's practice of violating California *Labor Code* sections 201-203, 204, 210, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 2698, and California *Business and Professions Code* §17200 et seq. ("UCL"), by failing to pay truck drivers for all time worked when driving to and from the Defendant's designated hotel and the dispatch center where trailers were hauled, failing to pay for non-personal time spent at Defendant's designated hotels while on trips that Defendant required, failing to pay for time spent off the clock while waiting to trade trailers with another driver, failing to pay for all time worked inspecting their trucks, premium pay for failure to provide meal and rest periods, failing to timely pay compensation upon termination, and failing to provide accurate itemized wage statements.

2. Plaintiff ROY D. TAYLOR brings this action on behalf of himself and similarly situated persons on the First through Fifth Causes of Action, who during the four (4) years prior to the filing of this action through the date of trial, or other applicable statute of limitations ("Class Period"), were damaged and injured by Defendant's conduct, based upon information and belief that Defendant is continuing, and will continue, its unlawful practices as described herein. Plaintiff also brings this action as a private attorney general on the Sixth Cause of Action on behalf of himself and similarly situated persons who, during the one (1) year prior to the filing of this action through the date of trial ("PAGA Period"), were damaged and injured by Defendant's conduct, based upon information and belief that Defendant is continuing, and will continue, its unlawful practices as described herein.

3. As used herein, the term "Plaintiff" includes ROY D. TAYLOR who is the named Plaintiff Class representative, and who also acts as a private attorney general on the Sixth Cause of Action.

4. As used hereinafter, the term "Defendant" refers to Defendant FEDEX FREIGHT, INC., an Arkansas Corporation; and DOES 1 through 10.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the action pursuant to *Code of Civil Procedure* § 410.10 and pursuant to California Constitution, Article VI, §10.

6.    The Defendant has sufficient minimum contacts with the State of California or otherwise intentionally avails itself of the laws and markets of the State of California so as to sustain this Court's jurisdiction over the Defendant.

7.    Pursuant to *Code of Civil Procedure* Section 395(a), venue is proper in this judicial district because Plaintiff were employed in San Joaquin County, Defendant transact business in San Joaquin County and/or were employers of some of the Plaintiff Class Members within San Joaquin County.  The monetary claims of Plaintiff are within the jurisdiction of this Court.  Therefore, venue is proper in this county.

## THE PARTIES

8.    Plaintiff ROY D. TAYLOR resides in Kings County, is a competent adult and was, at various times during the applicable statute of limitations, an hourly employee of Defendant in California.  Plaintiff TAYLOR was and still is employed as a truck driver who operated tractor-trailers in California by Defendant FEDEX FREIGHT during the Class Period.  Plaintiff TAYLOR is a member of the Plaintiff Class, which is defined in paragraph 14 below, and has claims that are common to those of the Plaintiff Class Members.  In addition, Plaintiff acts as a private attorney general for the Sixth Cause of Action on behalf of all drivers who are or were employed by Defendant within the last year.

9.    Each of the Plaintiff Class Members is identifiable, similarly situated and was employed by Defendant during the Class Period.  Plaintiff reserves the right to seek additional amendment of this Complaint to add as named plaintiff some or all of the persons who are members of the Plaintiff Class.  Plaintiff reserves the right to amend the Class Definitions herein as discovery progresses.

10.     Plaintiff is informed and believes and thereon alleges that Defendant FEDEX FREIGHT Corporation operates at multiple locations in the State of California, and was the employer of Plaintiff and the Class Members during the Class Period.

11.     Defendants DOES 1 through 10, are owners, operators, managers, successors, predecessors, subsidiaries of or owned entities of Defendants, and each of them, or are persons or entities otherwise responsible for paying the wages, penalties, and damages alleged herein, who were conducting business in the State of California and employing Class Members in the State of California. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

## GENERAL ALLEGATIONS

12.     During all or a portion of the Class Period, Plaintiff and each member of the Plaintiff Class were employed as drivers by Defendant in the State of California.

13.     During their employment, Plaintiff and Plaintiff Class Members were employees covered under one or more regulations or Industrial Welfare Commission (IWC) Wage Orders, including, but not limited to, Wage Order 4-2001.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action on behalf of themselves and all other similarly situated persons, as a class action pursuant to *Code of Civil Procedure* Section 382. The Plaintiff Class is composed of and defined as follows:

**All persons who, at any time after four (4) years prior to the filing of this action through the date of trial, are or were employed by Defendant in California as truck drivers who drove tractor-trailers.**

COMPLAINT

1      15.    This action has been brought and may be maintained as a class and representative

2 action pursuant to *Code of Civil Procedure* Section 382 because there is a well-defined common

3 interest of many persons and it is impractical to bring them all before the Court.

4      a.    The Class Members are so numerous that the individual joinder of all

5 Class Members is impractical. While the exact number of Class Members is unknown to

6 Plaintiff at this time, Plaintiff is informed and believes there are hundreds of Class Members.

7 Therefore, joinder of all Class Members is impractical.

8      b.    Common questions of law and fact exist as to Plaintiff and Plaintiff Class

9 Members and predominate over any questions which affect only individual members of the class.

10 Defendant engaged in common practices throughout its locations in California, raising common

11 questions which include, but are not limited to:

12      (1)    Whether Plaintiff and each Plaintiff Class Member are entitled to

13 compensation or restitution under the applicable IWC Wage Order(s), regulations and statutes

14 for all time worked driving to and from the Defendant's designated hotel and the dispatch center

15 where trailers were hauled, for non-personal time spent at Defendant's designated hotels while

16 on trips that Defendant required, for time spent off the clock while waiting to trade trailers with

17 another driver, and for all time worked inspecting their trucks, all for the benefit of their

18 employer;

19      (2)    Whether Defendant violated *Labor Code* §§510, 1194, and 1197,

20 by failing to pay the legal minimum wage to Plaintiff and the Plaintiff Class for failing to pay

21 truck drivers for all time worked driving to and from the Defendant's designated hotel and the

22 dispatch center where trailers were hauled, failing to pay for non-personal time spent at

23 Defendant's designated hotels while on trips that Defendant required, failing to pay for time

24 spent off the clock while waiting to trade trailers with another driver, and failing to pay for all

25 time worked inspecting their trucks;

26      (3)    Whether Defendant violated *Labor Code* §§ 226.7, and 512 by

27 failing to provide meal and rest periods to Plaintiff and the Plaintiff Class;

28

1      (4)    Whether Defendant violated *Labor Code* §226 by failing to

2  provide accurate itemized statements to Plaintiff and the Plaintiff Class;

3      (5)    Whether Defendant violated *Labor Code* §1174 by failing to keep

4  adequate time records;

5      (6)    Whether Plaintiff and the Plaintiff Class whose employment with

6  Defendant has terminated, are entitled to waiting time penalties pursuant to *Labor Code* §203;

7      (7)    Whether Defendant violated *Labor Code* § 204 by failing to pay

8  Plaintiff and Plaintiff Class members all owed wages on designated regular paydays;

9      (8)    Whether Defendant violated *Business and Professions Code*

10  §17200 by engaging in an unfair, unlawful, or fraudulent business practice;

11      (9)    The effect upon and the extent of any injuries sustained by Plaintiff

12  and Plaintiff Class Members and the appropriate type and/or measure of damages;

13      (10)    The appropriateness and nature of relief to Plaintiff Class

14  Members;

15      (11)    The extent of liability of each Defendant, including DOE

16  Defendant, to Plaintiff and each Plaintiff Class Member.

17      c.    Plaintiff's claims are typical of the members of the Plaintiff Class.

18  Plaintiff, like other members of the Plaintiff Class, worked for Defendant in California as a

19  driver and was subjected to Defendant's policy and practice of failing to pay for all time worked

20  driving to and from the Defendant's designated hotel and the dispatch center where trailers were

21  hauled, for non-personal time spent at Defendant's designated hotels while on trips that

22  Defendant required, for time spent off the clock while waiting to trade trailers with another

23  driver, and failing to pay for all time worked inspecting their trucks, failing to provide meal and

24  rest periods, and failing to provided accurate wage statements and timely pay all wages owed, in

25  violation of California's wage and hour laws.  Plaintiff's job duties and claims were and are

26  typical of those of other members of the Plaintiff Class who worked for Defendant as drivers in

27  California.

28

d.      Plaintiff will adequately and fairly protect the interest of the members of the Plaintiff Class. Plaintiff was employed by Defendant as a driver at times during the Class Period and is an adequate representative for the Plaintiff Class, as he has no interest adverse to the interests of the absent Plaintiff Class Members. Plaintiff has retained legal counsel with substantial experience in civil litigation, employment law and class action litigation.

e.      A class action is superior to other available means of fair and efficient adjudication of the claims of the Plaintiff Class Members since joinder of all Plaintiff Class Members is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would cause to such plaintiff or to the court system. Further, the damages of many individual Plaintiff Class Members may be relatively small, and the burden and expenses of individual litigation would make it difficult or impossible for individual members of the class to seek and obtain relief, while a class action will serve an important public interest. Further, individual litigation would present the potential for inconsistent or contradictory judgments.

16.    Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

17.    The names and addresses of the members of the Plaintiff Class are available from Defendant. Notice will be provided to the members of the Plaintiff Class via first class mail and/or by the use of techniques and a form of notice similar to those customarily used in class actions.

**FIRST CAUSE OF ACTION**

**[FAILURE TO PAY WAGES IN VIOLATION OF**

*LABOR CODE* **§§510, 1194(a), 1174, 1197]**

**PLAINTIFF TAYLOR AGAINST DEFENDANT**

18.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 17 herein.

19. During the relevant time period, Defendant had a policy and practice of failing to pay Plaintiff and Plaintiff Class Members for all time worked driving to and from the Defendant's designated hotel and the dispatch center where trailers were hauled, failing to pay for non-personal time spent at Defendant's designated hotels while on trips that Defendant required, failing to pay for time spent off the clock while waiting to trade trailers with another driver, and failing to pay for time spent inspecting their trucks.

20. Plaintiff and Class Members performed compensable work for Defendant for which they were not compensated. Plaintiff and Class Members were not compensated for their time spent driving to and from the Defendant's designated hotel and the dispatch center where trailers were hauled, non-personal time spent at Defendant's designated hotels while on trips that Defendant required, time spent off the clock while waiting to trade trailers with another driver, and for their time spent inspecting their trucks. The time worked was not *de minimus.* Plaintiff and members of the Class worked in excess of eight hours per day and/or 40 hours per week without being paid the legal minimum wage and/or overtime compensation for all time worked.

21. The laws of the State of California require an employer, such as Defendant, to pay the legal minimum wage and/or overtime to all non-exempt employees for all time worked. Plaintiff and the Plaintiff Class were not exempt from the right to receive the legal minimum wage and/or overtime for all time worked under California law. Plaintiff and the Plaintiff Class did not, at any time during the relevant time period, qualify under any exemption from the requirement that their employer pay the legal minimum wage and/or overtime for all time worked. Plaintiff and the Plaintiff Class are entitled to be paid the legal minimum wage for all time worked driving to and from the Defendant's designated hotel and the dispatch center where trailers were hauled, for non-personal time spent at Defendant's designated hotels while on trips that Defendant required, for time spent off the clock while waiting to trade trailers with another driver, and for all time worked inspecting their trucks.

22. Beginning three years prior to the filing of this lawsuit, Defendant failed and refused and continues to fail and refuse to pay the legal minimum wage and/or overtime to

Plaintiff and the Plaintiff Class for all time worked as required by California wage and hour laws, including *Labor Code* §§510, 1194, and 1197.

23.     As a result of the actions of Defendant in failing and refusing to pay the legal minimum wage and/or overtime, Plaintiff and the Plaintiff Class were damaged by not receiving the legal minimum wage and/or overtime compensation which they should have received, but did not receive. Plaintiff and the Plaintiff Class are entitled to compensation for unpaid wages, together with interest.

24.     As a result, Defendant also violates *Labor Code* § 1174(d) which requires Defendant to keep, at a central location in the state or at the establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to employees.

25.     Plaintiff is entitled to injunctive relief, pursuant to *Code of Civil Procedure* §526, and to receive an award of reasonable attorneys' fees and costs pursuant to *Labor Code* §§218.5, 1194.

26.     If Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of Civil Procedure* §1021.5 and other applicable law in part because:

(a)     A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendant to comply with the wage and hour laws and California's unfair business practice law;

(b)     This action will result in a significant benefit to Plaintiff, the Plaintiff Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendant;

(c)     Unless this action is prosecuted, members of the Plaintiff Class and general public will not recover those monies, and many of Defendant's employees would not be aware that they were victimized by Defendant's wrongful acts and practices;

(d)     Unless this action is prosecuted, Defendant will continue to mislead its employees about the true nature of their rights and remedies under the wage and hour laws; and

1       (e)     An award of attorneys' fees and costs is necessary for the prosecution of

2   this action and will result in a benefit to Plaintiff, the Plaintiff Class, and to consumers in general

3   by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate

4   the long-standing recognition by the California legislature and the courts that such statutes, as

5   pled herein, are not merely a matter of private concern between employer and employee to be

6   eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

7   agreements. Rather, the wage and hour statutes have been described as a matter of public

8   concern, were designed to provide minimum substantive guarantees to individual workers, and

9   are essential to public welfare.

10

11   **SECOND CAUSE OF ACTION**

12   **[FAILURE TO PROVIDE MEAL AND REST PERIODS**

13   **IN VIOLATION *OF LABOR CODE* §§226.7 and 512]**

14   **PLAINTIFF TAYLOR AGAINST DEFENDANT**

15       27.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 26

16   inclusive as if fully set forth herein.

17       28.     Defendant routinely failed to provide Plaintiff and Plaintiff Class Members duty-

18   free meal periods and/or to pay Plaintiff and Plaintiff Class Members one additional hour of pay

19   for duty-free meal periods that were not provided in accordance with *Labor Code* Sections 226.7

20   and 512 and the applicable Wage Order, from a three-year period prior to the filing of the

21   Complaint to present.

22       29.     Defendant's conduct described in this Complaint violated and continues to violate

23   the provisions of *Labor Code* Sections 226.7 and 512 and the applicable Wage Orders, in that

24   Defendant did not and does not provide Plaintiff and Plaintiff Class Members meal periods or

25   pay to Plaintiff and Plaintiff Class Members one hour wages as compensation for the duty-free

26   meal periods not provided as required by law. Plaintiff and Plaintiff Class Members are entitled

27   to recover the unpaid wages that Defendant owe them, plus interest on that amount at the rate of

28   ten percent per annum.

30. As a proximate result of the aforementioned violations, Plaintiff and Plaintiff Class Members have been damaged in an amount according to proof at the time of trial, but not in an amount in excess of the jurisdiction of this Court.

31. In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of Civil Procedure* Section 1021.5 and other applicable law in part because:

(a) A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendant to comply with the wage and hour laws and California's unfair business practice law;

(b) This action will result in a significant benefit to Plaintiff, the Plaintiff Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendant;

(c) Unless this action is prosecuted, Plaintiff Class Members and the general public will not recover those monies, and many of Defendant's employees would not be aware that they were victimized by Defendant's wrongful acts and practices;

(d) Unless this action is prosecuted, Defendant will continue to mislead its employees about the true nature of their rights and remedies under the wage and hour laws; and

(e) An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Plaintiff Class, and to consumers in general by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

# THIRD CAUSE OF ACTION

## [FAILURE TO TIMELY PAY WAGES

## IN VIOLATION *OF LABOR CODE* §§201-204]

## PLAINTIFF TAYLOR AGAINST ALL DEFENDANT

32. Plaintiff incorporates paragraphs 1 through 31 of this Complaint as if fully alleged herein.

33. Plaintiff and Plaintiff Class members who ended their employment with Defendant on or after the commencement of the Class Period, were entitled to be promptly paid wages by Defendant as required by *Labor Code* Sections 201-202.

34 Plaintiff and Plaintiff Class Members were not fully paid all final wages due them within the time required. Plaintiff and Plaintiff Class Members seek the payment of *Labor Code* Section 203 penalties, according to proof.

35. Defendant's failure to pay wages as alleged herein was willful as Defendant knew that Plaintiff and Plaintiff Class members did not timely receive all earned pay based on Defendant's records. As a result of Defendant's unlawful acts, Class members who are former employees of Defendant, or any of them, are entitled to recover, pursuant to *Labor Code* Section 203, continuing wages as a penalty from the due date thereof at the same rate until paid or this action was commenced, but no more than thirty days, pursuant to California *Labor Code* Section 203.

36. Further, Defendant violated *Labor Code* § 204 by failing to pay Plaintiff and Plaintiff Class members all owed wages on designated regular paydays.

37. In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of Civil Procedure* Section 1021.5 and other applicable law in part because:

    (a) A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendant to comply with the wage and hour laws and California's unfair business practice law;

1     (b)     This action will result in a significant benefit to Plaintiff, the Plaintiff

2    Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

3    activity and by causing the return of ill-gotten gains obtained by Defendant;

4           (c)     Unless this action is prosecuted, Plaintiff Class Members and the general

5    public will not recover those monies, and many of Defendant's employees would not be aware

6    that they were victimized by Defendant's wrongful acts and practices;

7           (d)     Unless this action is prosecuted, Defendant will continue to mislead its

8    employees about the true nature of their rights and remedies under the wage and hour laws; and

9           (e)     An award of attorneys' fees and costs is necessary for the prosecution of

10   this action and will result in a benefit to Plaintiff, the Plaintiff Class, and to consumers in general

11   by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate

12   the long-standing recognition by the California legislature and the courts that such statutes, as

13   pled herein, are not merely a matter of private concern between employer and employee to be

14   eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

15   agreements.  Rather, the wage and hour statutes have been described as a matter of public

16   concern, were designed to provide minimum substantive guarantees to individual workers, and

17   are essential to public welfare.

18

19                              **FOURTH CAUSE OF ACTION**

20              **[FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS**

21                       **IN VIOLATION OF *LABOR CODE* § 226]**

22                   **PLAINTIFF TAYLOR AGAINST DEFENDANT**

23         38.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

24   contained in Paragraphs 1 through 37 herein.

25         39.     *Labor Code* Section 226(a) requires employers to itemize in wage statements all

26   deductions from payment of wages and to accurately report total hours worked by employees and

27   gross wages earned.

28

                                        13
                                   COMPLAINT

40.    Beginning three years prior to the filing of this lawsuit, Defendant has intentionally failed to comply with *Labor Code* Section 226(a) by failing to itemize in wage statements all hours worked by Plaintiff and Plaintiff Class Members for time spent driving to and from the Defendant's designated hotel and the dispatch center where trailers were hauled, non-personal time spent at Defendant's designated hotels while on trips that Defendant required, time spent off the clock while waiting to trade trailers with another driver, and time spent inspecting their trucks.

41.    As a result of Defendant's violation of *Labor Code* Section 226(a), Plaintiff and the Plaintiff Class suffered injuries, including employee confusion over whether they received all wages owed to them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact properly compensated them.  Defendant knowingly and intentionally failed to provide to Plaintiff and Plaintiff Class Members accurate itemized statements, in compliance with *Labor Code* Section 226(a), and did so in order to conceal their liability from Plaintiff and Plaintiff Class Members.  Thus, Plaintiff and Plaintiff Class Members have suffered injury and are entitled to recover the greater of actual damages or fifty dollars ($50) for the initial pay period in which a violation of subsection (a) of the *Labor Code* § 226 occurs, and one hundred dollars ($100) per class member for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and are further entitled to an award of reasonable attorneys' fees and costs pursuant to *Labor Code* § 226(e), injunctive relief pursuant to *Labor Code* Section 226(g), and are entitled to an award of costs and reasonable attorneys' fees.

42.    If Plaintiff succeeds in enforcing these rights affecting the public interest,  then attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of Civil Procedure* § 1021.5 and other applicable law in part because:

(a)    A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendant to comply with the wage and hour laws and California's unfair business practice law;

1   (b)     This action will result in a significant benefit to Plaintiff, the Plaintiff

2   Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

3   activity and by causing the return of ill-gotten gains obtained by Defendant;

4   (c)     Unless this action is prosecuted, members of the Plaintiff Class and

5   general public will not recover those monies, and many of Defendant's employees would not be

6   aware that they were victimized by Defendant's wrongful acts and practices;

7   (d)     Unless this action is prosecuted, Defendant will continue to mislead their

8   employees about the true nature of their rights and remedies under the wage and hour laws; and

9   (e)     An award of attorneys' fees and costs is necessary for the prosecution of

10  this action and will result in a benefit to Plaintiff, the Plaintiff Class, and to consumers in general

11  by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate

12  the long-standing recognition by the California legislature and the courts that such statutes, as

13  pled herein, are not merely a matter of private concern between employer and employee to be

14  eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

15  agreements.  Rather, the wage and hour statutes have been described as a matter of public

16  concern, were designed to provide minimum substantive guarantees to individual workers, and

17  are essential to public welfare.

18

19              **FIFTH CAUSE OF ACTION**

20      **[UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICE**

21      **IN VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §17200 ET SEQ.]**

22          **PLAINTIFF TAYLOR AGAINST DEFENDANT**

23  43.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

24  contained in Paragraphs 1 through 42 herein.

25  44.     Beginning four years prior to the filing of this lawsuit, Defendant's conduct, as set

26  forth above, violates the UCL in the following respects:

27  (a)     Defendant's policies and practices of failing to provide duty-free meal

28  periods, failing to timely pay all wages owed, failing to pay for all time worked, and failing to

15

**COMPLAINT**

provide accurate itemized statements, constitute unlawful business practices by definition and, thus, violate the UCL;

(b)     Defendant's policies and practices of failing to provide duty-free meal periods, failing to timely pay all wages owed, failing to pay for all time worked, and failing to provide accurate itemized statements, constitute unfair business practices because Defendant's practices are unethical, unscrupulous, and substantially injurious to consumers. The harm to Plaintiff, all others similarly situated, and to members of the general public, outweighs the utility, if any, of Defendant's policy and practice;

(c)     Defendant's policies and practices of failing to provide duty-free meal periods, failing to timely pay all wages owed, failing to pay for all time worked, and failing to provide accurate itemized statements, constitute fraudulent business practices because Defendant's practices are likely to mislead and did mislead Plaintiff, all other members of the Plaintiff Class, and members of the general public.

45.     The unlawful, unfair, and fraudulent business practices by Defendant, as described above, present a continuing threat to the public in that consumers, including Plaintiff, throughout California have suffered and continue to suffer an injury in fact and lost money as a result of Defendant's unlawful, unfair, and fraudulent acts or practices. In addition, Defendant has been unjustly enriched as a result of its conduct. Plaintiff, other members of the general public, and members of the Plaintiff Class have no other adequate remedy of law in that absent equitable relief from the Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest, thus engendering a multiplicity of judicial proceedings.

46.     All members of the Plaintiff Class can be identified by reference to records in the possession of Defendant. All members of the Plaintiff Class are entitled to restitution of monies due to them, as well as to disgorgement of the ill-gotten gains obtained by Defendant during the relevant time period as a result of said Defendant's unlawful, unfair, and fraudulent conduct, and to injunctive relief.

47.     Plaintiff suffered a direct injury as a result of Defendant's conduct, and brings this action under *Code of Civil Procedure* Section 382. The deprivation by Defendant of Plaintiff'

1 and Plaintiff Class Members' wages for time worked, is an unlawful business practice within the

2 meaning of *Business and Professions Code* Sections 17200, et seq. including, but not limited to:

3 a violation of the applicable State of California Industrial Welfare Commission Wage Orders,

4 regulations and statutes, and further, whether or not in violation of the aforementioned Wage

5 Orders, regulations and statutes, is a practice which is otherwise unfair.

6      48.     This cause of action is brought under *Business and Professions Code* Sections

7 17203 and 17204, commonly called the Unfair Competition Act. Plaintiff and all Plaintiff Class

8 Members seek restitution of all wages earned, including the legal minimum wage and/or

9 overtime, and seek restitution of compensation due during the Class Period through the date of

10 trial.

11      49.     Further, Plaintiff requests the violations of Defendant alleged herein be enjoined,

12 and other equitable relief as this Court deems proper.

13      50.     If Plaintiff succeeds in enforcing these rights affecting the public interest, then

14 attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of Civil Procedure*

15 §1021.5 and other applicable law in part because:

16      (a)     A successful outcome in this action will result in the enforcement of

17 important rights affecting the public interest by requiring Defendant to comply with the wage

18 and hour laws and California's unfair business practice law;

19      (b)     This action will result in a significant benefit to Plaintiff, the Plaintiff

20 Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

21 activity and by causing the return of ill-gotten gains obtained by Defendant;

22      (c)     Unless this action is prosecuted, members of the Plaintiff Class and

23 general public will not recover those monies, and many of Defendant's employees would not be

24 aware that they were victimized by Defendant's wrongful acts and practices;

25      (d)     Unless this action is prosecuted, Defendant will continue to mislead its

26 employees about the true nature of their rights and remedies under the wage and hour laws; and

27      (e)     An award of attorneys' fees and costs is necessary for the prosecution of

28 this action and will result in a benefit to Plaintiff, the Plaintiff Class, and to consumers in general

**COMPLAINT**

by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

## SIXTH CAUSE OF ACTION

### [ENFORCEMENT OF PRIVATE ATTORNEY GENERAL ACT

### *LABOR CODE* §2698 et seq.]

### PLAINTIFF TAYLOR AGAINST DEFENDANT

51.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 50 inclusive as if fully set forth herein.

52.     Defendant's failure to pay overtime in violation of *Labor Code* §510 and failure to provide duty-free meal and rest periods in violation of *Labor Code* §512 entitles Plaintiff to recover civil penalties and underpaid wages as an aggrieved employee, in a representative action on behalf of himself and other aggrieved drivers, pursuant to California *Labor Code* Division 2, Part 2, Chapter 1, Section 558(a), which provides as follows:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

53.     Defendant's failures to pay the legal minimum wage for all straight time, in accordance with California law, including that of *Labor Code* §1197, and the applicable Wage

1  Orders, entitle Plaintiff to recover civil penalties as an aggrieved employee on behalf of himself
2  and other aggrieved drivers, pursuant to *Labor Code* §1197.1.

3      54.    Defendant's failures to pay on the regular pay day all owed wages pursuant to
4  *Labor Code* §204, entitle Plaintiff to recover civil penalties as an aggrieved employee on behalf
5  of himself and other aggrieved drivers, pursuant to *Labor Code* §210.

6      55.    Defendant's failures to provide itemized wage statements, including statements
7  accurately setting forth gross and net wages earned, in accordance with *Labor Code* §226(a),
8  entitle Plaintiff to recover civil penalties as an aggrieved employee on behalf of himself and
9  other aggrieved drivers, pursuant to *Labor Code* §226.3.

10     56.    Defendant's failures to keep accurate payroll records, in accordance with *Labor
11  Code* §1174, entitle Plaintiff to recover civil penalties as an aggrieved employee on behalf of
12  himself and other aggrieved drivers, pursuant to *Labor Code* §1174.5.

13     57.    Defendant's failures to provide duty-free meal and rest periods and to timely pay
14  all wages owed including the legal minimum wage and/or overtime in accordance with *Labor
15  Code* §§203, 226.7 and 1194, entitle Plaintiff to recover the default civil penalties as an
16  aggrieved employee on behalf of himself and other aggrieved drivers, pursuant to *Labor Code*
17  §§2699(f), 2699.5.

18     58.    Plaintiff has complied with the procedural requirements specified in *Labor Code*
19  § 2699.3 as to each of the alleged violations herein.  Within 33-days of mailing the notice to
20  Defendant and California's Labor and Workforce Development Agency, the Labor and
21  Workforce Development Agency has failed to independently investigate the alleged violations
22  asserted by Plaintiff, as an aggrieved employee on behalf of himself and other similarly situated
23  current and former drivers of Defendant, thus entitling Plaintiff herein to pursue causes of action
24  pursuant to *Labor Code* § 2699, *et seq.*

25     59.    As a result of the violations alleged herein, Plaintiff, in his representative capacity
26  as a private attorney general, seeks all civil penalties available as set forth in *Labor Code* §2699
27  et seq.  Therefore, pursuant to *Labor Code* § 2699, Plaintiff, as an aggrieved employee on behalf

28

1     of himself and other aggrieved drivers, is entitled to recover all civil penalties owed, attorneys'

2     fees, expenses, and costs of suit.

3        60.     In addition, if Plaintiff succeeds in enforcing these rights affecting the public

4     interest, then attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of*

5     *Civil Procedure* §1021.5 and other applicable law in part because:

6        (a)     A successful outcome in this action will result in the enforcement of

7     important rights affecting the public interest by requiring Defendant to comply with the wage

8     and hour laws and California's unfair business practice law;

9        (b)     This action will result in a significant benefit to Plaintiff, the Plaintiff

10     Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

11     activity and by causing the return of ill-gotten gains obtained by Defendant;

12        (c)     Unless this action is prosecuted, members of the Plaintiff Class and

13     general public will not recover those monies, and many of Defendant's employees would not be

14     aware that they were victimized by Defendant's wrongful acts and practices;

15        (d)     Unless this action is prosecuted, Defendant will continue to mislead its

16     employees about the true nature of their rights and remedies under the wage and hour laws; and

17        (e)     An award of attorneys' fees and costs is necessary for the prosecution of

18     this action and will result in a benefit to Plaintiff the Plaintiff Class, and to the public in general

19     by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate

20     the long-standing recognition by the California legislature and the courts that such statutes, as

21     pled herein, are not merely a matter of private concern between employer and employee to be

22     eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

23     agreements. Rather, the wage and hour statutes have been described as a matter of public

24     concern, were designed to provide minimum substantive guarantees to individual workers, and

25     are essential to public welfare.

26

27

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on their own behalf and on behalf of the Plaintiff Class, pray for relief and judgment as follows:

a.      That the Court determine that this action may be maintained as a class action and certify the Classes on the First through Fifth Causes of Action;

b.      That the Court determine that the failure of Defendant to pay for all time worked, (including the legal minimum wage for straight time and premium rates for all overtime work performed) to Plaintiff and Plaintiff Class Members for all time spent driving to and from the Defendant's designated hotel and the dispatch center where trailers were hauled, non-personal time spent at Defendant's designated hotels while on trips that Defendant required, time spent off the clock while waiting to trade trailers with another driver, and time spent inspecting their trucks, be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

c.      That judgment be entered for compensation for Plaintiff and Plaintiff Class Members on the First Cause of action, according to proof;

d.      That judgment be entered for damages and/or penalties for Plaintiff and Plaintiff Class Members on the Second, Third, and Fourth Causes of Action, according to proof;

e.      That Defendant be found to have engaged in unfair competition in violation of *Business and Professions Code* Section 17200;

f.      That Defendant be ordered and enjoined to pay restitution to Plaintiff and Plaintiff Class Members due to Defendant's unlawful and unfair competition, including wrongfully withheld compensation, and interest thereon, pursuant to *Business and Professions Code* Sections 17203 and 17204, according to proof;

g.      That Defendant be ordered to pay all civil penalties to Plaintiff, as a private attorney general on behalf of other aggrieved drivers, pursuant to *Labor Code* §2699 et seq.

h.      That Plaintiff and the Plaintiff Class be awarded attorneys' fees and costs pursuant to statute, including but not limited to: *Labor Code* Sections 218.5, 226, 1194, and *Code of Civil Procedure* Section 1021.5;

1          i.      Otherwise determine the appropriate remedy to compensate Plaintiff and Plaintiff

2    Class Members as required to promote fairness and justice;

3          j.      Prejudgment interest; and

4          k.      Any other relief as this Court deems proper.

5

6    Dated: June 12, 2013                              WESTRUP KLICK, LLP
                                                       LABOR LAW OFFICE, APC
7

8
                                                       By:_____
9                                                         LAWRENCE R. CAGNEY
                                                          WESTRUP KLICK, LLP
10                                                        Attorneys for Plaintiff, the Class, and the
                                                          general public
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF' DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

Dated:  June 12 2013

WESTRUP KLICK, LLP

By: _____

LAWRENCE R. CAGNEY
WESTRUP KLICK, LLP

# Exhibit B

1    KEITH A. JACOBY, Bar No. 150233
     kjacoby@littler.com
2    LITTLER MENDELSON, P.C.
     2049 Century Park East, 5th Floor
3    Los Angeles, CA  90067.3107
     Telephone:    310.553.0308
4    Fax No.:      310.553.5583

5    MICHELLE B. HEVERLY, Bar No. 178660
     mheverly@littler.com
6    KARIN M. COGBILL, Bar No. 244606
     kcogbill@littler.com
7    LITTLER MENDELSON, P.C.
     50 W. San Fernando, 15th Floor
8    San Jose, CA  95113.2303
     Telephone:    408.998.4150
9    Fax No.:      408.288.5686

10   MIREYA A.R. LLAURADO, Bar No. 194882
     mallaurado@fedex.com
11   FEDEX FREIGHT, INC.
     3425 Victor Street
12   Santa Clara, CA  95054
     Telephone: 408.654.3186
13   Facsimile: 408.654.3297

14   Attorneys for Defendant
     FEDEX FREIGHT, INC.

15

16                 UNITED STATES DISTRICT COURT

17                EASTERN DISTRICT OF CALIFORNIA

18                      FRESNO DIVISION

19

20   ROY D. TAYLOR, on behalf of himself        Case No.
     and all others similarly situated,
21                                              **DEFENDANT'S NOTICE OF REMOVAL
                     Plaintiff,                 TO FEDERAL COURT**
22
                                                **[28 U.S.C. §§ 1332, 1441, 1446]**
23   v.

24   FEDEX FREIGHT, INC., an Arkansas
     Corporation; and DOES 1 through 10,
25   inclusive,

26                   Defendants.

27

28

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant FEDEX FREIGHT, INC. ("FedEx Freight") by and through its undersigned counsel, contemporaneously with the filing of this Notice, hereby effects removal of the above-referenced action from the Superior Court in the State of California for the County of Kings to the United States District Court for the Eastern District of California. This removal is based on 28 U.S.C. sections 1332, 1441 and 1446 and, specifically, on the following grounds:

## I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5 million, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. Here, as set forth below, this case meets all of CAFA's requirements for removal because the proposed class contains at least 100 members, there is diversity between at least one class member and one defendant and the amount in controversy for all class members exceeds $5 million. *See* 28 U.S.C. § 1332(d).

2.   In the alternative, this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a), and this case is one that may be removed to this Court by FedEx Freight pursuant to 28 U.S.C. Section 1441(b) because it is a civil action between citizens of different states, with an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441(a) and § 1446(b).

## II.   VENUE

3.   The action was filed in the Superior Court of California for the County of Kings. Venue properly lies in the United States District Court for the Eastern District of California

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT                2.

1   because it is the district court where the state court action is pending.  *See* 28 U.S.C. §§ 84(c),

2   1391(a), 1441(a).

3       4.      Plaintiff filed this action in the Superior Court of California for the County of Kings.

4   Thus assignment in the Fresno Division is appropriate.  *See* E.D. Cal. Civil L.R. 120(d).

5   **III.    PLEADINGS, PROCESS AND ORDERS**

6       5.      This lawsuit arises out of Plaintiff Roy D. Taylor's ("Plaintiff") employment with

7   FedEx Freight.  On June 13, 2013, Plaintiff filed a Class Action Complaint in the Superior Court of

8   the State of California, County of Kings, entitled *ROY D. TAYLOR, on behalf of himself and all*

9   *others similarly situated v. FEDEX FREIGHT, INC., an Arkansas corporation; and DOES 1 through*

10  *10, inclusive*, designated as Case No. 13 CO 154 (herein referred to as the "Complaint").  A true and

11  correct copy of the Summons, Complaint, and Civil Case Cover Sheet is attached to this Notice as

12  **Exhibit "A"** pursuant to 28 U.S.C. §1446(a).

13      6.      The Complaint purports to assert the following claims for relief: (1) Failure to pay

14  wages [California Labor Code §§ 510, 1194, 1174, 1197]; (2) Failure to provide meal periods

15  [California Labor Code §§ 226.7 and 512]; (3) Failure to timely way wages [California Labor Code

16  §§ 203-204]; (4) Failure to maintain and provide accurate itemized statements [California Labor

17  Code § 226]; (5) Unfair/unlawful/fraudulent business practices [California Business & Professions

18  Code §§ 17200, *et. seq.*]; and (6) Enforcement of Private Attorney General Act [California Labor

19  Code § 2698, *et. seq.*].  (*See* Complaint; **Exhibit "A"**).

20      7.      FedEx Freight's agent for service of process, CT Corporation, was served with a copy

21  of the Summons and Complaint on June 21, 2013.

22      8.      On July 18, 2013, FedEx Freight filed an Answer to Plaintiff's Complaint pursuant to

23  Cal. Code of Civ. Proc. § 431.30 in the Superior Court of California, County of Kings.  Pursuant to

24  28 U.S.C. §1446(a), a true and correct copy of the Answer is attached hereto as **Exhibit "B"**.

25      9.      With the exception of those attached as Exhibits A and B, Defendant has not been

26  served, nor it is aware of any other pleadings, process or orders related to this case have been filed

27  with the Superior Court of California, County of Kings.

28

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    3.

**IV.   NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL**

10.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of the removal will be given by the undersigned to Plaintiff's Counsel of Record, R. Duane Westrup and Lawrence Cagney of Westrup Klick, LLP, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Kings as required by 28 U.S.C. §1446(d).

**V.   TIMELINESS OF REMOVAL**

11.   A notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint). Here, FedEx Freight's agent for service of process, CT Corporation, was served with a copy of the Summons and Complaint on June 21, 2013. Since 30 days from June 21, 2013 falls on a weekend, removal of this action on or before July 22, 2013 is timely. *See* Fed. R. Civ. Proc. 6(a); *Yanik v. Countrywide Home Loans*, 2010 U.S. Dist. LEXIS 115717, fn. 6 (C.D. Cal. 2010). FedEx Freight has filed this Notice in advance of the deadline, thus making it timely.

**VI.   CAFA JURISDICTION**

12.   CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice. Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not states, state officials or other governmental entities; (3) there is diversity between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5 million.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                    4.

A.    **The Proposed Class Contains More Than 100 Members.**

13.    As set forth in his Complaint, Plaintiff pursues his alleged claims on behalf of himself and a class defined as "all persons who at any time after four (4) years prior to the filing of this action through the date of trial, are or were employed by Defendant in California as truck drivers who drove tractor-trailer." (Compl. ¶14). Plaintiff necessarily includes both current and former drivers/employees across the entire State in his allegations. (Compl. ¶1, 14). In this regard, the class, as defined by Plaintiff, consists of approximately 2,095[1] individuals who are and/or were employed by FedEx Freight for approximately 306,300 workweeks during the putative class period. (Declaration of Katyna Naylor in Support of Defendants' Removal ("Naylor Decl.") ¶¶6, 8).

14.    With respect to the Sixth Cause of Action, Plaintiff also seeks to represent himself and similarly situated drivers who, during the one (1) year prior to the filing of this action through the date of trial, were damaged and injured by Defendant's conduct. (Compl. ¶1, 2). Here, the total number of drivers who worked for FedEx Freight from June 13, 2012 to June 13, 2013 is approximately 1,933[2]. (Naylor Decl., ¶7.)

B.    **Defendant Is Not A Governmental Entity.**

15.    Defendant is not a state, state official or any other governmental entity.

C.    **CAFA Diversity Of Citizenship Exists.**

16.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Minimal diversity of citizenship exists here because Plaintiff and FedEx Freight are citizens of different states.

---

[1] Of this total, approximately 745 of the individuals worked as "Road" Drivers (driving longer distances, typically between FedEx Service Centers or to exchange trailers at specified points with other Road Drivers, also referred to as "line haul" drivers), and approximately 1350 worked as "City" Drivers (making multiple stops at customer locations in a smaller geographic area in order to pick up and deliver freight). (Naylor Decl., ¶ 6).
[2] Of this total, 609 of the individuals worked as Road Drivers and 1324 worked as City Drivers. (Naylor Decl.¶ 7).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                5.

17.     At the time this action was commenced, Plaintiff was a resident of the State of California, and more specifically a resident of Kings County. (Compl. at ¶8). Plaintiff's Complaint further alleges that he is still employed by FedEx Freight as a truck driver who operates tractor-trailers in California. (*Id*). Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). Accordingly, Plaintiff is a citizen of the State of California. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is the place he or she resides with the intention to remain).

18.     For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 175 L.Ed.2d 1029 at ¶ 2 of the Syllabus (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

19.     FedEx Freight was, at the time of the filing of this action, and remains a citizen of the State of Arkansas, in that it was and continues to be a corporation incorporated under the laws of the State of Arkansas with its principal place of business and corporate headquarters in Harrison, Arkansas. (Declaration of Lori Henry in Support of Notice of Removal ("Henry Decl.") at ¶3; Compl., ¶4.). Specifically, nearly all of FedEx Freight's corporate functions are conducted and based in Arkansas, including human resources, finance, legal, payroll, information technology and executive and administrative support functions that are important to FedEx Freight's strategic leadership and day-to-day operations. (*Id.* at ¶¶3-4). All of FedEx Freight's senior executive team is based in its corporate headquarters office in Harrison, Arkansas or in some instances, Memphis, Tennessee, where FedEx Freight's ultimate parent company, FedEx Corporation, has its principal place of business. (*Id.*, ¶3.). For this reason, the Arkansas location is considered to be corporate headquarters and the "home office" for FedEx Freight from which senior leadership directs, controls and coordinates FedEx Freight's corporate activities. (*Id.*).

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT          6.

20.     Defendants Does 1 through 10 are fictitious. (Compl., ¶11).  Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

21.     Accordingly, Plaintiff is a citizen of California, FedEx Freight is incorporated in and has its principal place of business outside of California, and, therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**D.      The Amount In Controversy Exceeds $5,000,000.**

22.     "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  Where, as here, the complaint is silent as to the amount in controversy, a preponderance of the evidence standard applies.  *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010), *citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007).

23.     Although FedEx Freight expressly denies any liability for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied the Court must presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.").  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis, supra*, 627 F. 3d at 400 (9th Cir. 2010).

24.     CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds five million dollars ($5,000,000). *See* 28 U.S.C. § 1332(d).  Here, the Complaint unquestionably places more than five million dollars in controversy.  While Defendant denies Plaintiff's claims of wrongdoing and denies his request for relief thereon, as specifically outlined below, the factual allegations in Plaintiff's Complaint and the total amount of wages, penalties, attorneys' fees, and other monetary relief at issue in this action demonstrate that the total amount in dispute is far in excess of this Court's

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

7.

1  jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts

2  presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding

3  that jurisdictional limits satisfied).

4  **1.   First Cause of Action: Alleged Unpaid Wages**

5  25.   Plaintiff's first cause of action alleges that FedEx Freight "had a policy and practice

6  of failing to pay Plaintiff and Plaintiff Class Members for: all time worked driving to and from the

7  Defendant's designated hotel and the dispatch center where trailers were hauled, failing to pay for

8  non-personal time spent at Defendant's designated hotels while on trips that Defendant required,

9  failing to pay for time spent off-the-clock while waiting to trade trailers with another driver, and

10  failing to pay for time spent inspecting their trucks." (Compl. at ¶19).  Plaintiff further alleges that

11  Plaintiff and the class members were not compensated for their time spent performing these tasks,

12  and that the uncompensated time worked was not *de minimus*. (Compl. at ¶20).

13  26.   Plaintiff seeks to recover unpaid wages for a period of four years prior to the filing of

14  the Complaint. (Compl., at ¶22, 43-50).

15  27.   From June 13, 2009 to June 13, 2013, FedEx Freight has employed approximately

16  2,095 individuals as drivers in California.   These individuals are divided into two categories:

17  approximately 745 Road Drivers (including Plaintiff) and approximately 1350 City Drivers.   City

18  drivers are compensated on an hourly basis.  (Naylor Decl., ¶12.)   Road drivers are compensated

19  differently.  They are paid a mileage rate that incorporates all miles driven and other tasks (such as

20  Department of Transportation inspections), plus an hourly rate for time spent performing other non-

21  driving tasks.  (*Id.*)  The hourly rate paid to both Road and City Drivers since June 13, 2009 to the

22  present has ranged from approximately $18.59 per hour to $25.63 per hour.  (*Id.*)

23  28.   During the period of June 13, 2009 to June 13, 2013, Road Drivers worked a

24  cumulative total of approximately 98,900 workweeks, and City Drivers worked a cumulative total of

25  approximately 207,400 workweeks for a class wide total of approximately 306,300 workweeks.

26  (Naylor Decl., ¶8).

27  29.   FedEx Freight denies that any employee, including Plaintiff, worked off-the-clock.

28  Plaintiff was employed as a Road Driver. If, as Plaintiff contends, each Road Driver worked a

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

8.

1  minimum one hour of work off-the-clock during each workweek, and the worked was performed at

2  the lowest hourly rate paid to any Driver during the class period, the total amount in controversy

3  would exceed **$1,829,650** (98,900 workweeks for Road Drivers x 1 hour off-the-clock work x

4  $18.50).[3]  Furthermore, while Plaintiff contends he is entitled to recover overtime, for purposes of

5  this analysis, Defendant has assumed only that the off-the-clock work is paid at a regular hourly rate,

6  not an overtime rate.

7           **2.       Second Cause of Action: Premiums For Alleged Missed Meal Periods**

8           30.     In his second cause of action, Plaintiff alleges that FedEx Freight "routinely" failed to

9  provide duty-free meal periods and/or to pay one additional hour of pay when a duty-free meal

10  period was not provided in violation of California law.  (Compl. at ¶¶28-29).  Plaintiff also seeks to

11  recover the one-hour premium by way of restitution through his claim under section 17200 of the

12  Business and Professions Code.  (Compl. at ¶¶43-50).  During the relevant period, putative class

13  members were employed by FedEx Freight for at least 306,300 workweeks, of which 98,900 were

14  worked by Road Drivers.  (Naylor Decl., ¶8.)

15          31.     Focusing just on Road Drivers, and conservatively assuming each Road Driver

16  missed one meal period for each week they worked, the potential amount in controversy on

17  Plaintiff's Second Cause of action exceeds **$1,829,650** (98,900 workweeks for Road Drivers x 1

18  missed meal period x $18.50).  As with the off-the-clock analysis, no amount of liability has been

19  assumed for City Drivers.  However, the same minimum amount in controversy would be exceeded

20  if Road Drivers and City Drivers missed just one meal period for every three weeks of work

21  (306,300 total workweeks/3 x 1 missed meal period x $18.50 = $1,888,850).

22          **3.       Third Cause of Action: Waiting Time Penalties**

23          32.     In the third cause of action, Plaintiff seeks to recover under California Labor Code

24

25  ─────────────────────────

26  [3] Although Plaintiff worked as a Road Driver, he seeks to represent a class of all drivers in
    California, which includes both Road Drivers and City Drivers.  For purposes of this Removal,

27  however, Defendant only calculates an amount in controversy as to the Road Drivers.  There are
    nearly twice as many City Drivers who worked over twice as many workweeks as the Road Drivers.

28  Factoring City Drivers in would substantially increase the amount in controversy, thereby providing
    further evidence that the $5 Million threshold is satisfied.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    9.

section 203, which provides for waiting time penalties for employees who were not paid all wages upon their separation, and whose employment with FedEx Freight was separated within three years preceding the filing of Plaintiff's Complaint. (Compl. at ¶¶33-35).

33.     The maximum penalty authorized under Labor Code section 203 is 30 days of wages per employee. *See* Cal. Lab. Code § 203.

34.     Defendant denies the validity and merit of Plaintiff's waiting time penalty claims. However, for purposes of removal only, Defendant assesses the potential amount in controversy by applying the maximum penalty authorized by statute.

35.     Of the total putative class members, 418 drivers ceased employment with Freight since June 13, 2010.[4] (Naylor Decl., ¶11.) Although Plaintiff asserts that he and the putative class members worked off-the-clock and therefore incurred unpaid overtime premium (Compl. at ¶20), Defendant conservatively estimates 8-hours of work per day.    Additionally, Defendant conservatively relies on the minimum hourly rate of $18.50 paid to any driver during the class period.  As such, the daily rate for eight hours worked at the minimum hourly rate is $148.00 per day ($18.50 x 8 hours).  Any given individual's waiting time penalties would therefore be approximately $4,440 (30 days x. $148.00 daily rate).

36.     If all of the Road Drivers who ceased working for FedEx Freight in the three years prior to the filing of this Complaint were entitled to recover waiting time penalties, the amount in controversy for this claim would exceed **$901,320** (203 individuals x $4,440).   If former City Drivers were added into this claim, the amount in controversy would double.

###     4.     Fourth Cause of Action: Wage Statement Claim

37.     Plaintiff alleges that Defendant "intentionally failed to comply with Labor Code section 226(a) by failing to itemize in wage statements all hours worked by Plaintiff and Plaintiff Class Members for time spent driving to and from Defendant's designated hotel and the dispatch center where trailers were hauled, non-personal time spent at Defendant's designated hotels while on trips that Defendant required, time spent off-the-clock while waiting to trade trailers with another

---

[4] Of this total, 215 of the former employees were City Drivers and 203 were Road Drivers.  (Naylor Decl., ¶11).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                                10.

1  drive, and time spent inspecting their trucks."

2      38.   Labor Code section 226(e) provides for penalties in the amount of "fifty dollars for

3  the initial pay period in which a violation [of subdivision (a)] occurs and one hundred dollars ($100)

4  per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of

5  four thousand dollars ($4,000)." From June 13, 2012 to June 13, 2013,[5] FedEx Freight paid its

6  California non-exempt, hourly employees on a weekly basis. (Naylor Decl., ¶3.) During this time,

7  FedEx Freight employed 1,933 individuals as drivers in California. (Naylor Decl., ¶7.) Of these,

8  1,758 were *continuously* employed by FedEx Freight from June 13, 2012 to June 13, 2013, 541 of

9  which were Road Drivers. (Naylor Decl., ¶9.) If each of the 541 continuously employed Road

10  Drivers for the past year, received an inaccurate paycheck during at least 41 of the 52 pay periods

11  from June 13, 2012 to June 13, 2013, each said individual could seek the maximum penalty of

12  $4,000. Thus, if Plaintiff were to establish that he and the putative class members were not provided

13  with accurate itemized wage statements for which they are entitled to penalties, the potential amount

14  in controversy for this claim alone is over **$2,164,000.** (541 employees x $4,000).[6]

15          **5.   Sixth Cause of Action: Alleged PAGA Penalties**

16      39.   Plaintiff's Sixth Cause of Action seeks to recover penalties pursuant to Labor Code §

17  2699 (PAGA). In his Complaint, Plaintiff cites to a myriad of Labor Code sections which he

18  contends Defendant violated and support his claim for penalties pursuant to PAGA, including but

19  not limited to: Sections 203, 204, 226(a), 226.7, 510, 1174, 1194 and 1197. (Complaint at ¶¶52-57).

20  According to Plaintiff's Complaint, therefore, he specifically alleges that Defendant violated *at least*

21  eight Labor Code sections, each of which could arguably subject Defendant to penalties.

22      40.   For Labor Code sections for which there is not otherwise a civil penalty (i.e., Labor

23

24  [5] Contrary to the allegation in the Complaint, Plaintiff's wage statement claim is governed by a one-
year statute of limitations. Cal. Civ. Proc. Code § 340 (one-year statute of limitations govern claims
25  for penalties); *see also Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1118, fn 16
26  (2007) (claim for itemized wage statement violations are governed by a one-year statute of
limitations).

27  [6] This figure does not take into account the additional alleged violations for the 1,217 City Drivers
who were continuously employed or the 175 people who received weekly paychecks during the past
28  year, but whom were employed for less than the entire year.

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    11.

Code sections 226, 226.7 510 and 512), PAGA provides that "[i]f, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Labor Code § 2699(f)(2).

41.     From June 13, 2012 to June 13, 2013, FedEx Freight employed 1,933 individuals as drivers in California. (Naylor Decl., ¶7.) Of these, 1,758 were ***continuously*** employed by FedEx Freight from June 13, 2012 to June 13, 2013, 541 of whom where Road Drivers like Plaintiff. (Naylor Decl., ¶9.)

42.     If Defendant was subject to just one of the eight PAGA violations for every fourth per pay period per Road Driver who was continuously employed for the entire duration of the past year, the total penalties sought would be **$703,300** (541 Road Drivers x 13 pay periods x 1 violation x $100 per violation).[7]

### 6.     Summary of Amount in Controversy

43.     Even without assessing the amount in controversy with respect to Plaintiff's remaining claim for unpaid overtime, various penalties, interest and attorneys' fees, and considering only a very conservative estimate of alleged violations; the amount in controversy exceeds $5 million. This figure breaks down, as follows:

| Plaintiff's Alleged Claim | Amount in Controversy |
| --- | --- |
| Unpaid minimum wages | $1,829,650 |
| Meal Break Premium | $1,829,650 |
| Waiting Time Penalties | $901,320 |
| Wage Statements | $2,164,000 |
| PAGA | $703,300 |
| **Conservative Estimate of Amount in** | **$7,427,920** |

[7] For these calculations, Defendant conservatively relies only on those individuals who have worked as Road Drives continuously from June 13, 2012 to June 13, 2013.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

| Controversy Subtotal | |
|---|---|

44.     In addition, the amount in controversy set forth above has been calculated through June 13, 2013 only, based on FedEx Freight's payroll and personnel records. (Naylor Decl., ¶¶6-12.) Plaintiff, however, defines the Class as continuing "trough the date of trial." (Compl., ¶14.) As such, the size of the classes will continue to expand, as will the amount in controversy. This means that the amount in controversy on Plaintiff's claims is actually greater than the amount set out in this Notice of Removal.

45.     Moreover, Plaintiff seeks attorneys' fees and costs in his Complaint pursuant to Labor Code sections 218.5, 1021.5 and 1194. It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fees award to be 25 to 33 percent of the settlement of the award. *See, e.g., Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008), *quoting Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000)("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.")

46.     Accordingly, although Defendant denies Plaintiff's claims of wrongdoing, based on the foregoing, under the Class Action Fairness Act, Plaintiff's claims for damages, penalties, attorneys' fees, and other monetary relief exceed the $5 million jurisdictional limit of this Court, as required by 28 U.S.C ¶ 1332(d).

## VII.   DIVERSITY JURISDICTION

47.     In addition, and in the alternative to jurisdiction under CAFA, jurisdiction in this case also exists based on complete diversity. The diversity of citizenship statute provides in pertinent part

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    13.

1    that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in

2    controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —

3    (1) citizens of different States . . . ." *See* 28 U.S.C. § 1332(a).

4         48.    "Any civil action" commenced in state court is removable if it might have been

5    brought originally in federal court. *See* 28 USC § 1441(a).

6         49.    Any case that could have been commenced in federal court based on diversity of

7    citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b).  In order to

8    remove a case to federal court on diversity grounds, two basic elements must be satisfied: 1)

9    complete diversity must exist between the parties, *i.e.*, Plaintiffs and Defendants must be "citizens"

10    of different states; and 2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

11         50.    This action is a civil action over which this Court has original jurisdiction under 28

12    U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. §

13    1441(a) based on the existence of complete diversity of citizenship between the real parties to this

14    action and on the fact that the amount in controversy exceeds $75,000.

15    **A.**     **Complete Diversity Of Citizenship Exists.**

16         51.    Diversity of citizenship exists so long as no plaintiff is the citizen of the same state as

17    any defendant at the time the action was filed and at the time of removal.

18         52.    As addressed above in Paragraphs 16-19, Plaintiff is a citizen of California, while

19    FedEx Freight is incorporated in and has its principal place of business outside of California.  Thus

20    Plaintiff and Defendant are diverse.

21         53.    In a class action, only the citizenship of the named parties is considered for diversity

22    purposes and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 339-40

23    (1969).

24         54.    For purposes of removal, the citizenship of Doe defendants are disregarded and only

25    named defendants are considered. 28 U.S.C. § 1441(a); *accord Newcombe v. Adolf Coors Co.*, 157

26    F.3d 686, 690-91 (9th Cir. 1998); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir.

27    1980).

28

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT      14.

**B.     Amount in Controversy Exceeds $75,000**

55.     Congress recently amended the removal statute, 28 U.S.C. § 1446(c)(2)(B), to confirm that removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1446(c)(2)(B); *see* Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394 (to be codified as amended at 28 U.S.C. §§ 1332-1455).  Effective January 2012, Congress enacted 112 P.L. 63 (H.R. 394), which at Section 103 amended 28 U.S.C. § 1446 to clarify that the standard by which the amount in controversy is to be considered is a preponderance of evidence and not to a legal certainty.  H.R. 394 became law on December 7, 2011, and applies to all actions – such as this one – filed on or after January 6, 2012.

56.     As noted above, Defendant expressly denies any liability for the damages alleged in Plaintiff's Complaint.  Nonetheless, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must assume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust, supra* 199 F. Supp. 2d at 1001 and *Burns, supra,* 31 F.3d at 1096

57.     Plaintiff's Sixth Cause of Action seeks to recover penalties pursuant to Labor Code § 2699 (PAGA).  In his Complaint, Plaintiff cites to a myriad of Labor Code sections which he contends Defendant violated and support his claim for penalties pursuant to PAGA, including but not limited to: Sections 203, 204, 226(a), 226.7, 510, 1174, 1194 and 1197.  (Complaint at ¶¶52-57).

58.     According to Plaintiff's Complaint, therefore, he specifically alleges that Defendant violated *at least* eight Labor Code sections, each of which could arguably subject Defendant to penalties.

59.     As this Court has previously held, "the amount at stake in a PAGA claim is predicated on the *total amount of penalties* that can be sought by the aggrieved employees as the proxy of the LWDA." *Thomas v. Aetna Health of Cal., Inc.,* 2011 U.S. Dist. LEXIS 59377, *19 (E.D. Cal. June 2, 2011); *see also, Urbino v. Orkin Services of Cal.,* 2011 U.S. Dist. LEXIS 114746, *24-30 (C.D. Cal. Oct. 5, 2011).

60.     In order to meet the minimum amount in controversy of $75,000, there need only be 750 separate pay periods among the 1,933 total class members who worked during the one year

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                                    15.

1   preceding the filing of the Complaint in which there was *at least one* PAGA violation (less than one

2   of any type of violation per class member per year).  This is not an amount Plaintiff could reasonably

3   dispute he believes is at issue in this case.  Indeed, if Defendant was subject to just one of the eight

4   PAGA violations for every fourth per pay period for just the Road Drivers who was employed for

5   the entire duration of the past year, the total penalties sought would be **$703,300** (541 Road Drivers

6   x 13 pay periods x 1 violations x $100 per violation).[8]  The $75,000 minimum threshold is therefore

7   met even if Plaintiff is presumed to succeed on ***less than 1% of his total PAGA claim for eight***

8   ***alleged violations.***

9        61.     Stated another way, only slightly more than 38% of the 1,933 class members need to

10  have worked off-the-clock just one time in the year preceding the filing of the Complaint to meet the

11  $75,000 threshold (750 employees x $100 = $75,000).

12       62.     Based on the facial allegations in Plaintiff's Complaint, and conducting a very

13  conservative estimate, the total amount of monetary relief sought by Plaintiff in connection with the

14  PAGA claim greatly exceeds the $75,000 threshold requirement.  Removal of this matter pursuant to

15  28 U.S.C. §1332(a) is thus appropriate.

16  **VIII.   CONCLUSION**

17       63.     WHEREFORE, Defendant removes the action now pending against it in the Superior

18  Court of the State of California, County of Kings, to this Honorable Court, and requests that this

19  Court retain jurisdiction for all further proceedings.

20  Dated: July 19, 2013                    LITTLER MENDELSON, P.C.

21                                          By: *Karin Cogbill*

22                                          KARIN M. COGBILL
                                            Attorneys for Defendant
23                                          FEDEX FREIGHT, INC.

24  Firmwide:121766139.2 057116.1015

25

26

27  _____

28  [8] For these calculations, Defendant conservatively relies only on those Road Drivers who have
    worked continuously from June 13, 2012 to June 13, 2013.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT                          16.

# EXHIBIT A

JUN 21 2013 @ 2.25p

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:** FEDEX FREIGHT, INC., an Arkansas
**(AVISO AL DEMANDADO):** Corporation; and DOES 1 through
10, inclusive,

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |
| **CONFORMED COPY** |
| **ORIGINAL FILED ON** |
| JUN 13 2013 |
| TODD H. BARTON, COURT EXECUTIVE OFFICER |
| SUPERIOR COURT OF THE STATE OF CALIFORNIA |
| COUNTY OF KINGS |
| DEPUTY |

**YOU ARE BEING SUED BY PLAINTIFF:** ROY D. TAYLOR on behalf
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** of himself and all
others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| (El nombre y dirección de la corte es): | (Número del Caso): **C0154** |
| KINGS SUPERIOR COURT | |
| 1426 South Drive | |
| Same | |
| Hanford, CA 93230 | **BY FAX** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
R. DUANE WESTRUP (SBN 58610)    (562) 432-2551   (562) 435-4856
LAWRENCE R. CAGNEY (SBN 141845)
WESTRUP KLICK, LLP
Long Beach, CA 90802-4524

| DATE: | TODD H. BARTON | Clerk, by | DENISE BEACH | , Deputy |
| --- | --- | --- | --- | --- |
| (Fecha): JUN 13 2013 | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): FEDEX FREIGHT INC

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]
COURT SEAL

| Form Adopted for Mandatory Use | | Page 1 of 1 |
| Judicial Council of California | **SUMMONS** | |
| SUM-100 [Rev. July 1, 2009] | | Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LAWRENCE R. CAGNEY (SBN 141845)<br>WESTRUP KLICK, LLP<br>444 West Ocean Boulevard, Suite 1614<br>Long Beach, CA 90802-4524 | CONFORMED COPY<br>ORIGINAL FILED ON<br><br>JUN 1 3 2013<br><br>TODD H. BARTON, COURT EXECUTIVE OFFICER<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF KINGS<br>_____ DEPUTY |

TELEPHONE NO.: (562) 432-2551     FAX NO.: (562) 435-4856
ATTORNEY FOR (Name): Plaintiff Roy D. Taylor

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
STREET ADDRESS: 1426 South Drive
MAILING ADDRESS: Same
CITY AND ZIP CODE: Hanford, CA 93230
BRANCH NAME: Hanford Courthouse

CASE NAME: TAYLOR v. FEDEX FREIGHT, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 13 C0154 |
| | | | JUDGE: | |
| | | | DEPT: | |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Six
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: June 12, 2013

LAWRENCE R. CAGNEY (SBN 141845)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

1  R. DUANE WESTRUP (State Bar No. 58610)
   Scress@wkalaw.com
2  LAWRENCE R. CAGNEY (State Bar No. 141845)
   lcagney@wkalaw.com
3  WESTRUP KLICK, LLP
   444 West Ocean Boulevard, Suite 1614
4  Long Beach, California  90802-4524
   Telephone: (562) 432-2551
5  Facsimile: (562) 435-4856

6  Attorneys for Plaintiff
   ROY D. TAYLOR,
7  individually and on behalf of all others similarly situated

CONFORMED COPY
ORIGINAL FILED ON

JUN 1 3 2013

TODD H. BARTON, COURT EXECUTIVE OFFICER
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS

_____ DEPUTY

8
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                           COUNTY OF KINGS
10

11  ROY D. TAYLOR on behalf of himself and all     Case No. **13  C0154**
12  others similarly situated,
                                                    CLASS ACTION
13                Plaintiff,
                                                    COMPLAINT FOR:
14
                                                    1.  Failure to Pay Wages [*Labor Code*
15         v.                                           *§§510, 1194, 1174, 1197*];

16                                                  2.  Failure to Provide Meal and Rest
17  FEDEX FREIGHT, INC., an Arkansas                    Periods [*Labor Code §§ 226.7, 512*]
    Corporation; and DOES 1 through 10, inclusive,
18                                                  3.  Failure to Timely Pay Wages
                  Defendants.                           [*Labor Code §§ 203-204*];
19
                                                    4.  Failure to Maintain and Provide
20                                                      Accurate Itemized Statements
                                                        [*Labor Code § 226*];
21
                                                    5.  Unfair/Unlawful/Fraudulent
22                                                      Business Practices [*Business and
                                                        Professions Code §17200 et seq.*];
23                                                      and

24                                                  6.  Enforcement of Private Attorney
                                                        General Act [*Labor Code § 2698 et
25                                                      seq.*];

26                                                  DEMAND FOR JURY TRIAL

27
                                                    BY FAX
28

                                    1
                                COMPLAINT

**INTRODUCTION**

1.     This is a class action on behalf of a class of truck drivers who operated tractor-trailers who were or are employed by Defendant FEDEX FREIGHT, INC. ("FEDEX" or "Defendant") in California and who have been victims of Defendant's practice of violating California *Labor Code* sections 201-203, 204, 210, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 2698, and California *Business and Professions Code* §17200 et seq. ("UCL"), by failing to pay truck drivers for all time worked when driving to and from the Defendant's designated hotel and the dispatch center where trailers were hauled, failing to pay for non-personal time spent at Defendant's designated hotels while on trips that Defendant required, failing to pay for time spent off the clock while waiting to trade trailers with another driver, failing to pay for all time worked inspecting their trucks, premium pay for failure to provide meal and rest periods, failing to timely pay compensation upon termination, and failing to provide accurate itemized wage statements.

2.     Plaintiff ROY D. TAYLOR brings this action on behalf of himself and similarly situated persons on the First through Fifth Causes of Action, who during the four (4) years prior to the filing of this action through the date of trial, or other applicable statute of limitations ("Class Period"), were damaged and injured by Defendant's conduct, based upon information and belief that Defendant is continuing, and will continue, its unlawful practices as described herein.  Plaintiff also brings this action as a private attorney general on the Sixth Cause of Action on behalf of himself and similarly situated persons who, during the one (1) year prior to the filing of this action through the date of trial ("PAGA Period"), were damaged and injured by Defendant's conduct, based upon information and belief that Defendant is continuing, and will continue, its unlawful practices as described herein.

3.     As used herein, the term "Plaintiff" includes ROY D. TAYLOR who is the named Plaintiff Class representative, and who also acts as a private attorney general on the Sixth Cause of Action.

4.     As used hereinafter, the term "Defendant" refers to Defendant FEDEX FREIGHT, INC., an Arkansas Corporation; and DOES 1 through 10.

2
**COMPLAINT**

1

<u>**JURISDICTION AND VENUE**</u>

2       5.     This Court has jurisdiction over the action pursuant to *Code of Civil Procedure*

3  § 410.10 and pursuant to California Constitution, Article VI, §10.

4       6.     The Defendant has sufficient minimum contacts with the State of California or

5  otherwise intentionally avails itself of the laws and markets of the State of California so as to

6  sustain this Court's jurisdiction over the Defendant.

7       7.     Pursuant to *Code of Civil Procedure* Section 395(a), venue is proper in this

8  judicial district because Plaintiff were employed in San Joaquin County, Defendant transact

9  business in San Joaquin County and/or were employers of some of the Plaintiff Class Members

10  within San Joaquin County. The monetary claims of Plaintiff are within the jurisdiction of this

11  Court. Therefore, venue is proper in this county.

12

13

<u>**THE PARTIES**</u>

14       8.     Plaintiff ROY D. TAYLOR resides in Kings County, is a competent adult and

15  was, at various times during the applicable statute of limitations, an hourly employee of

16  Defendant in California. Plaintiff TAYLOR was and still is employed as a truck driver who

17  operated tractor-trailers in California by Defendant FEDEX FREIGHT during the Class Period.

18  Plaintiff TAYLOR is a member of the Plaintiff Class, which is defined in paragraph 14 below,

19  and has claims that are common to those of the Plaintiff Class Members. In addition, Plaintiff

20  acts as a private attorney general for the Sixth Cause of Action on behalf of all drivers who are or

21  were employed by Defendant within the last year.

22       9.     Each of the Plaintiff Class Members is identifiable, similarly situated and was

23  employed by Defendant during the Class Period. Plaintiff reserves the right to seek additional

24  amendment of this Complaint to add as named plaintiff some or all of the persons who are

25  members of the Plaintiff Class. Plaintiff reserves the right to amend the Class Definitions herein

26  as discovery progresses.

27

28

1      10.    Plaintiff is informed and believes and thereon alleges that Defendant FEDEX

2   FREIGHT Corporation operates at multiple locations in the State of California, and was the

3   employer of Plaintiff and the Class Members during the Class Period.

4      11.    Defendants DOES 1 through 10, are owners, operators, managers, successors,

5   predecessors, subsidiaries of or owned entities of Defendants, and each of them, or are persons or

6   entities otherwise responsible for paying the wages, penalties, and damages alleged herein, who

7   were conducting business in the State of California and employing Class Members in the State of

8   California. Plaintiff is ignorant of the true names, capacities, relationships and extent of

9   participation in the conduct herein alleged of Defendants sued herein as DOES 1 through 10,

10  inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this

11  Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

12

13                       **GENERAL ALLEGATIONS**

14      12.    During all or a portion of the Class Period, Plaintiff and each member of the

15  Plaintiff Class were employed as drivers by Defendant in the State of California.

16      13.    During their employment, Plaintiff and Plaintiff Class Members were employees

17  covered under one or more regulations or Industrial Welfare Commission (IWC) Wage Orders,

18  including, but not limited to, Wage Order 4-2001.

19

20                       **CLASS ACTION ALLEGATIONS**

21      14.    Plaintiff brings this action on behalf of themselves and all other similarly situated

22  persons, as a class action pursuant to *Code of Civil Procedure* Section 382. The Plaintiff Class is

23  composed of and defined as follows:

24             **All persons who, at any time after four (4) years prior to the**

25             **filing of this action through the date of trial, are or were**

26             **employed by Defendant in California as truck drivers who**

27             **drove tractor-trailers.**

28

1     15.     This action has been brought and may be maintained as a class and representative

2  action pursuant to *Code of Civil Procedure* Section 382 because there is a well-defined common

3  interest of many persons and it is impractical to bring them all before the Court.

4     a.     The Class Members are so numerous that the individual joinder of all

5  Class Members is impractical.  While the exact number of Class Members is unknown to

6  Plaintiff at this time, Plaintiff is informed and believes there are hundreds of Class Members.

7  Therefore, joinder of all Class Members is impractical.

8     b.     Common questions of law and fact exist as to Plaintiff and Plaintiff Class

9  Members and predominate over any questions which affect only individual members of the class.

10  Defendant engaged in common practices throughout its locations in California, raising common

11  questions which include, but are not limited to:

12     (1)     Whether Plaintiff and each Plaintiff Class Member are entitled to

13  compensation or restitution under the applicable IWC Wage Order(s), regulations and statutes

14  for all time worked driving to and from the Defendant's designated hotel and the dispatch center

15  where trailers were hauled, for non-personal time spent at Defendant's designated hotels while

16  on trips that Defendant required, for time spent off the clock while waiting to trade trailers with

17  another driver, and for all time worked inspecting their trucks, all for the benefit of their

18  employer;

19     (2)     Whether Defendant violated *Labor Code* §§510, 1194, and 1197,

20  by failing to pay the legal minimum wage to Plaintiff and the Plaintiff Class for failing to pay

21  truck drivers for all time worked driving to and from the Defendant's designated hotel and the

22  dispatch center where trailers were hauled, failing to pay for non-personal time spent at

23  Defendant's designated hotels while on trips that Defendant required, failing to pay for time

24  spent off the clock while waiting to trade trailers with another driver, and failing to pay for all

25  time worked inspecting their trucks;

26     (3)     Whether Defendant violated *Labor Code* §§ 226.7, and 512 by

27  failing to provide meal and rest periods to Plaintiff and the Plaintiff Class;

28

1          (4)      Whether Defendant violated *Labor Code* §226 by failing to

2    provide accurate itemized statements to Plaintiff and the Plaintiff Class;

3          (5)      Whether Defendant violated *Labor Code* §1174 by failing to keep

4    adequate time records;

5          (6)      Whether Plaintiff and the Plaintiff Class whose employment with

6    Defendant has terminated, are entitled to waiting time penalties pursuant to *Labor Code* §203;

7          (7)      Whether Defendant violated *Labor Code* § 204 by failing to pay

8    Plaintiff and Plaintiff Class members all owed wages on designated regular paydays;

9          (8)      Whether Defendant violated *Business and Professions Code*

10   §17200 by engaging in an unfair, unlawful, or fraudulent business practice;

11          (9) .    The effect upon and the extent of any injuries sustained by Plaintiff

12   and Plaintiff Class Members and the appropriate type and/or measure of damages;

13          (10)     The appropriateness and nature of relief to Plaintiff Class

14   Members;

15          (11)     The extent of liability of each Defendant, including DOE

16   Defendant, to Plaintiff and each Plaintiff Class Member.

17          c.       Plaintiff's claims are typical of the members of the Plaintiff Class.

18   Plaintiff, like other members of the Plaintiff Class, worked for Defendant in California as a

19   driver and was subjected to Defendant's policy and practice of failing to pay for all time worked

20   driving to and from the Defendant's designated hotel and the dispatch center where trailers were

21   hauled, for non-personal time spent at Defendant's designated hotels while on trips that .

22   Defendant required, for time spent off the clock while waiting to trade trailers with another

23   driver, and failing to pay for all time worked inspecting their trucks, failing to provide meal and

24   rest periods, and failing to provided accurate wage statements and timely pay all wages owed, in

25   violation of California's wage and hour laws.  Plaintiff's job duties and claims were and are

26   typical of those of other members of the Plaintiff Class who worked for Defendant as drivers in

27   California.

28

**COMPLAINT**

1          d.    Plaintiff will adequately and fairly protect the interest of the members of

2     the Plaintiff Class. Plaintiff was employed by Defendant as a driver at times during the Class

3     Period and is an adequate representative for the Plaintiff Class, as he has no interest adverse to

4     the interests of the absent Plaintiff Class Members. Plaintiff has retained legal counsel with

5     substantial experience in civil litigation, employment law and class action litigation.

6          e.    A class action is superior to other available means of fair and efficient

7     adjudication of the claims of the Plaintiff Class Members since joinder of all Plaintiff Class

8     Members is impractical. Class action treatment will allow a large number of similarly situated

9     persons to prosecute their common claims in a single forum, simultaneously, efficiently, and

10    without the unnecessary duplication of effort and expense that numerous individual actions

11    would cause to such plaintiff or to the court system. Further, the damages of many individual

12    Plaintiff Class Members may be relatively small, and the burden and expenses of individual

13    litigation would make it difficult or impossible for individual members of the class to seek and

14    obtain relief, while a class action will serve an important public interest. Further, individual

15    litigation would present the potential for inconsistent or contradictory judgments.

16        16.    Plaintiff knows of no difficulty which will be encountered in the management of

17    this litigation which would preclude its maintenance as a class action.

18        17.    The names and addresses of the members of the Plaintiff Class are available from

19    Defendant. Notice will be provided to the members of the Plaintiff Class via first class mail

20    and/or by the use of techniques and a form of notice similar to those customarily used in class

21    actions.

22               **FIRST CAUSE OF ACTION**

23           **[FAILURE TO PAY WAGES IN VIOLATION OF**

24             ***LABOR CODE* §§510, 1194(a), 1174, 1197]**

25          **PLAINTIFF TAYLOR AGAINST DEFENDANT**

26        18.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

27    contained in Paragraphs 1 through 17 herein.

28

**COMPLAINT**

1       19.    During the relevant time period, Defendant had a policy and practice of failing to

2  pay Plaintiff and Plaintiff Class Members for all time worked driving to and from the

3  Defendant's designated hotel and the dispatch center where trailers were hauled, failing to pay

4  for non-personal time spent at Defendant's designated hotels while on trips that Defendant

5  required, failing to pay for time spent off the clock while waiting to trade trailers with another

6  driver, and failing to pay for time spent inspecting their trucks.

7       20.    Plaintiff and Class Members performed compensable work for Defendant for

8  which they were not compensated. Plaintiff and Class Members were not compensated for their

9  time spent driving to and from the Defendant's designated hotel and the dispatch center where

10  trailers were hauled, non-personal time spent at Defendant's designated hotels while on trips that

11  Defendant required, time spent off the clock while waiting to trade trailers with another driver,

12  and for their time spent inspecting their trucks. The time worked was not *de minimus*. Plaintiff

13  and members of the Class worked in excess of eight hours per day and/or 40 hours per week

14  without being paid the legal minimum wage and/or overtime compensation for all time worked.

15       21.    The laws of the State of California require an employer, such as Defendant, to pay

16  the legal minimum wage and/or overtime to all non-exempt employees for all time worked.

17  Plaintiff and the Plaintiff Class were not exempt from the right to receive the legal minimum

18  wage and/or overtime for all time worked under California law. Plaintiff and the Plaintiff Class

19  did not, at any time during the relevant time period, qualify under any exemption from the

20  requirement that their employer pay the legal minimum wage and/or overtime for all time

21  worked. Plaintiff and the Plaintiff Class are entitled to be paid the legal minimum wage for all

22  time worked driving to and from the Defendant's designated hotel and the dispatch center where

23  trailers were hauled, for non-personal time spent at Defendant's designated hotels while on trips

24  that Defendant required, for time spent off the clock while waiting to trade trailers with another

25  driver, and for all time worked inspecting their trucks.

26       22.    Beginning three years prior to the filing of this lawsuit, Defendant failed and

27  refused and continues to fail and refuse to pay the legal minimum wage and/or overtime to

28

8
COMPLAINT

1    Plaintiff and the Plaintiff Class for all time worked as required by California wage and hour

2    laws, including *Labor Code* §§510, 1194, and 1197.

3          23.    As a result of the actions of Defendant in failing and refusing to pay the legal

4    minimum wage and/or overtime, Plaintiff and the Plaintiff Class were damaged by not receiving

5    the legal minimum wage and/or overtime compensation which they should have received, but did

6    not receive.  Plaintiff and the Plaintiff Class are entitled to compensation for unpaid wages,

7    together with interest.

8          24.    As a result, Defendant also violates *Labor Code* § 1174(d) which requires

9    Defendant to keep, at a central location in the state or at the establishments at which employees

10   are employed, payroll records showing the hours worked daily by and the wages paid to

11   employees.

12         25.    Plaintiff is entitled to injunctive relief, pursuant to *Code of Civil Procedure* §526,

13   and to receive an award of reasonable attorneys' fees and costs pursuant to *Labor Code* §§218.5,

14   1194.

15         26.    If Plaintiff succeeds in enforcing these rights affecting the public interest, then

16   attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of Civil Procedure*

17   §1021.5 and other applicable law in part because:

18              (a)    A successful outcome in this action will result in the enforcement of

19   important rights affecting the public interest by requiring Defendant to comply with the wage

20   and hour laws and California's unfair business practice law;

21              (b)    This action will result in a significant benefit to Plaintiff, the Plaintiff

22   Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

23   activity and by causing the return of ill-gotten gains obtained by Defendant;

24              (c)    Unless this action is prosecuted, members of the Plaintiff Class and

25   general public will not recover those monies, and many of Defendant's employees would not be

26   aware that they were victimized by Defendant's wrongful acts and practices;

27              (d)    Unless this action is prosecuted, Defendant will continue to mislead its

28   employees about the true nature of their rights and remedies under the wage and hour laws; and

**COMPLAINT**

1       (e)     An award of attorneys' fees and costs is necessary for the prosecution of

2  this action and will result in a benefit to Plaintiff, the Plaintiff Class, and to consumers in general

3  by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate

4  the long-standing recognition by the California legislature and the courts that such statutes, as

5  pled herein, are not merely a matter of private concern between employer and employee to be

6  eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

7  agreements.  Rather, the wage and hour statutes have been described as a matter of public

8  concern, were designed to provide minimum substantive guarantees to individual workers, and

9  are essential to public welfare.

### SECOND CAUSE OF ACTION

### [FAILURE TO PROVIDE MEAL AND REST PERIODS

### IN VIOLATION *OF LABOR CODE* §§226.7 and 512]

### PLAINTIFF TAYLOR AGAINST DEFENDANT

15       27.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 26

16  inclusive as if fully set forth herein.

17       28.     Defendant routinely failed to provide Plaintiff and Plaintiff Class Members duty-

18  free meal periods and/or to pay Plaintiff and Plaintiff Class Members one additional hour of pay

19  for duty-free meal periods that were not provided in accordance with *Labor Code* Sections 226.7

20  and 512 and the applicable Wage Order, from a three-year period prior to the filing of the

21  Complaint to present.

22       29.     Defendant's conduct described in this Complaint violated and continues to violate

23  the provisions of *Labor Code* Sections 226.7 and 512 and the applicable Wage Orders, in that

24  Defendant did not and does not provide Plaintiff and Plaintiff Class Members meal periods or

25  pay to Plaintiff and Plaintiff Class Members one hour wages as compensation for the duty-free

26  meal periods not provided as required by law.  Plaintiff and Plaintiff Class Members are entitled

27  to recover the unpaid wages that Defendant owe them, plus interest on that amount at the rate of

28  ten percent per annum.

30. As a proximate result of the aforementioned violations, Plaintiff and Plaintiff Class Members have been damaged in an amount according to proof at the time of trial, but not in an amount in excess of the jurisdiction of this Court.

31. In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of Civil Procedure* Section 1021.5 and other applicable law in part because:

(a) A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendant to comply with the wage and hour laws and California's unfair business practice law;

(b) This action will result in a significant benefit to Plaintiff, the Plaintiff Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendant;

(c) Unless this action is prosecuted, Plaintiff Class Members and the general public will not recover those monies, and many of Defendant's employees would not be aware that they were victimized by Defendant's wrongful acts and practices;

(d) Unless this action is prosecuted, Defendant will continue to mislead its employees about the true nature of their rights and remedies under the wage and hour laws; and

(e) An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Plaintiff Class, and to consumers in general by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

1

**THIRD CAUSE OF ACTION**

2

**[FAILURE TO TIMELY PAY WAGES**

3

**IN VIOLATION *OF LABOR CODE* §§201-204]**

4

**PLAINTIFF TAYLOR AGAINST ALL DEFENDANT**

5      32.     Plaintiff incorporates paragraphs 1 through 31 of this Complaint as if fully alleged

6 herein.

7      33.     Plaintiff and Plaintiff Class members who ended their employment with

8 Defendant on or after the commencement of the Class Period, were entitled to be promptly paid

9 wages by Defendant as required by *Labor Code* Sections 201-202.

10      34     Plaintiff and Plaintiff Class Members were not fully paid all final wages due them

11 within the time required. Plaintiff and Plaintiff Class Members seek the payment of *Labor Code*

12 Section 203 penalties, according to proof.

13      35.     Defendant's failure to pay wages as alleged herein was willful as Defendant knew

14 that Plaintiff and Plaintiff Class members did not timely receive all earned pay based on

15 Defendant's records. As a result of Defendant's unlawful acts, Class members who are former

16 employees of Defendant, or any of them, are entitled to recover, pursuant to *Labor Code* Section

17 203, continuing wages as a penalty from the due date thereof at the same rate until paid or this

18 action was commenced, but no more than thirty days, pursuant to California *Labor Code* Section

19 203.

20      36.     Further, Defendant violated *Labor Code* § 204 by failing to pay Plaintiff and

21 Plaintiff Class members all owed wages on designated regular paydays.

22      37.     In addition, if Plaintiff succeeds in enforcing these rights affecting the public

23 interest, then attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of*

24 *Civil Procedure* Section 1021.5 and other applicable law in part because:

25         (a)     A successful outcome in this action will result in the enforcement of

26 important rights affecting the public interest by requiring Defendant to comply with the wage

27 and hour laws and California's unfair business practice law;

28

COMPLAINT

1            (b)    This action will result in a significant benefit to Plaintiff, the Plaintiff

2    Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

3    activity and by causing the return of ill-gotten gains obtained by Defendant;

4            (c)    Unless this action is prosecuted, Plaintiff Class Members and the general

5    public will not recover those monies, and many of Defendant's employees would not be aware

6    that they were victimized by Defendant's wrongful acts and practices;

7            (d)    Unless this action is prosecuted, Defendant will continue to mislead its

8    employees about the true nature of their rights and remedies under the wage and hour laws; and

9            (e)    An award of attorneys' fees and costs is necessary for the prosecution of

10   this action and will result in a benefit to Plaintiff, the Plaintiff Class, and to consumers in general

11   by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate

12   the long-standing recognition by the California legislature and the courts that such statutes, as

13   pled herein, are not merely a matter of private concern between employer and employee to be

14   eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

15   agreements. Rather, the wage and hour statutes have been described as a matter of public

16   concern, were designed to provide minimum substantive guarantees to individual workers, and

17   are essential to public welfare.

## FOURTH CAUSE OF ACTION

### [FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

### IN VIOLATION OF *LABOR CODE* § 226]

### PLAINTIFF TAYLOR AGAINST DEFENDANT

23       38.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

24   contained in Paragraphs 1 through 37 herein.

25       39.    *Labor Code* Section 226(a) requires employers to itemize in wage statements all

26   deductions from payment of wages and to accurately report total hours worked by employees and

27   gross wages earned.

28

1     40.    Beginning three years prior to the filing of this lawsuit, Defendant has

2    intentionally failed to comply with *Labor Code* Section 226(a) by failing to itemize in wage

3    statements all hours worked by Plaintiff and Plaintiff Class Members for time spent driving to

4    and from the Defendant's designated hotel and the dispatch center where trailers were hauled,

5    non-personal time spent at Defendant's designated hotels while on trips that Defendant required,

6    time spent off the clock while waiting to trade trailers with another driver, and time spent

7    inspecting their trucks.

8     41.    As a result of Defendant's violation of *Labor Code* Section 226(a), Plaintiff and

9    the Plaintiff Class suffered injuries, including employee confusion over whether they received all

10    wages owed to them, difficulty and expense involved in reconstructing pay records, and forcing

11    employees to make mathematical computations to analyze whether the wages paid in fact

12    properly compensated them. Defendant knowingly and intentionally failed to provide to Plaintiff

13    and Plaintiff Class Members accurate itemized statements, in compliance with *Labor Code*

14    Section 226(a), and did so in order to conceal their liability from Plaintiff and Plaintiff Class

15    Members. Thus, Plaintiff and Plaintiff Class Members have suffered injury and are entitled to

16    recover the greater of actual damages or fifty dollars ($50) for the initial pay period in which a

17    violation of subsection (a) of the *Labor Code* § 226 occurs, and one hundred dollars ($100) per

18    class member for each violation in a subsequent pay period, not exceeding an aggregate penalty

19    of four thousand dollars ($4,000), and are further entitled to an award of reasonable attorneys'

20    fees and costs pursuant to *Labor Code* § 226(e), injunctive relief pursuant to *Labor Code* Section

21    226(g), and are entitled to an award of costs and reasonable attorneys' fees.

22     42.    If Plaintiff succeeds in enforcing these rights affecting the public interest, then

23    attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of Civil Procedure*

24    § 1021.5 and other applicable law in part because:

25     (a)    A successful outcome in this action will result in the enforcement of

26    important rights affecting the public interest by requiring Defendant to comply with the wage

27    and hour laws and California's unfair business practice law;

28

1         (b)     This action will result in a significant benefit to Plaintiff, the Plaintiff

2  Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

3  activity and by causing the return of ill-gotten gains obtained by Defendant;

4         (c)     Unless this action is prosecuted, members of the Plaintiff Class and

5  general public will not recover those monies, and many of Defendant's employees would not be

6  aware that they were victimized by Defendant's wrongful acts and practices;

7         (d)     Unless this action is prosecuted, Defendant will continue to mislead their

8  employees about the true nature of their rights and remedies under the wage and hour laws; and

9         (e)     An award of attorneys' fees and costs is necessary for the prosecution of

10  this action and will result in a benefit to Plaintiff, the Plaintiff Class, and to consumers in general

11  by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate

12  the long-standing recognition by the California legislature and the courts that such statutes, as

13  pled herein, are not merely a matter of private concern between employer and employee to be

14  eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

15  agreements. Rather, the wage and hour statutes have been described as a matter of public

16  concern, were designed to provide minimum substantive guarantees to individual workers, and

17  are essential to public welfare.

18

19                      **FIFTH CAUSE OF ACTION**

20        **[UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICE**

21      **IN VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §17200 ET SEQ.]**

22            **PLAINTIFF TAYLOR AGAINST DEFENDANT**

23     43.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

24  contained in Paragraphs 1 through 42 herein.

25     44.     Beginning four years prior to the filing of this lawsuit, Defendant's conduct, as set

26  forth above, violates the UCL in the following respects:

27         (a)     Defendant's policies and practices of failing to provide duty-free meal

28  periods, failing to timely pay all wages owed, failing to pay for all time worked, and failing to

**COMPLAINT**

1  provide accurate itemized statements, constitute unlawful business practices by definition and,

2  thus, violate the UCL;

3          (b)     Defendant's policies and practices of failing to provide duty-free meal

4  periods, failing to timely pay all wages owed, failing to pay for all time worked, and failing to

5  provide accurate itemized statements, constitute unfair business practices because Defendant's

6  practices are unethical, unscrupulous, and substantially injurious to consumers.  The harm to

7  Plaintiff, all others similarly situated, and to members of the general public, outweighs the utility,

8  if any, of Defendant's policy and practice;

9          (c)     Defendant's policies and practices of failing to provide duty-free meal

10  periods, failing to timely pay all wages owed, failing to pay for all time worked, and failing to

11  provide accurate itemized statements, constitute fraudulent business practices because

12  Defendant's practices are likely to mislead and did mislead Plaintiff, all other members of the

13  Plaintiff Class, and members of the general public.

14      45.    The unlawful, unfair, and fraudulent business practices by Defendant, as

15  described above, present a continuing threat to the public in that consumers, including Plaintiff,

16  throughout California have suffered and continue to suffer an injury in fact and lost money as a

17  result of Defendant's unlawful, unfair, and fraudulent acts or practices.  In addition, Defendant

18  has been unjustly enriched as a result of its conduct.  Plaintiff, other members of the general

19  public, and members of the Plaintiff Class have no other adequate remedy of law in that absent

20  equitable relief from the Court, Defendant is likely to continue to injure consumers, reap unjust

21  enrichment, and harm the public interest, thus engendering a multiplicity of judicial proceedings.

22      46.    All members of the Plaintiff Class can be identified by reference to records in the

23  possession of Defendant.  All members of the Plaintiff Class are entitled to restitution of monies

24  due to them, as well as to disgorgement of the ill-gotten gains obtained by Defendant during the

25  relevant time period as a result of said Defendant's unlawful, unfair, and fraudulent conduct, and

26  to injunctive relief.

27      47.    Plaintiff suffered a direct injury as a result of Defendant's conduct, and brings this

28  action under *Code of Civil Procedure* Section 382.  The deprivation by Defendant of Plaintiff'

1    and Plaintiff Class Members' wages for time worked, is an unlawful business practice within the

2    meaning of *Business and Professions Code* Sections 17200, et seq. including, but not limited to:

3    a violation of the applicable State of California Industrial Welfare Commission Wage Orders,

4    regulations and statutes, and further, whether or not in violation of the aforementioned Wage

5    Orders, regulations and statutes, is a practice which is otherwise unfair.

6        48.     This cause of action is brought under *Business and Professions Code* Sections

7    17203 and 17204, commonly called the Unfair Competition Act. Plaintiff and all Plaintiff Class

8    Members seek restitution of all wages earned, including the legal minimum wage and/or

9    overtime, and seek restitution of compensation due during the Class Period through the date of

10   trial.

11       49.     Further, Plaintiff requests the violations of Defendant alleged herein be enjoined,

12   and other equitable relief as this Court deems proper.

13       50.     If Plaintiff succeeds in enforcing these rights affecting the public interest, then

14   attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of Civil Procedure*

15   §1021.5 and other applicable law in part because:

16           (a)     A successful outcome in this action will result in the enforcement of

17   important rights affecting the public interest by requiring Defendant to comply with the wage

18   and hour laws and California's unfair business practice law;

19           (b)     This action will result in a significant benefit to Plaintiff, the Plaintiff

20   Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

21   activity and by causing the return of ill-gotten gains obtained by Defendant;

22           (c)     Unless this action is prosecuted, members of the Plaintiff Class and

23   general public will not recover those monies, and many of Defendant's employees would not be

24   aware that they were victimized by Defendant's wrongful acts and practices;

25           (d)     Unless this action is prosecuted, Defendant will continue to mislead its

26   employees about the true nature of their rights and remedies under the wage and hour laws; and

27           (e)     An award of attorneys' fees and costs is necessary for the prosecution of

28   this action and will result in a benefit to Plaintiff, the Plaintiff Class, and to consumers in general

17

**COMPLAINT**

1  by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate

2  the long-standing recognition by the California legislature and the courts that such statutes, as

3  pled herein, are not merely a matter of private concern between employer and employee to be

4  eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

5  agreements. Rather, the wage and hour statutes have been described as a matter of public

6  concern, were designed to provide minimum substantive guarantees to individual workers, and

7  are essential to public welfare.

8

9                          **SIXTH CAUSE OF ACTION**

10           **[ENFORCEMENT OF PRIVATE ATTORNEY GENERAL ACT**

11                          *LABOR CODE* **§2698 et seq.]**

12                **PLAINTIFF TAYLOR AGAINST DEFENDANT**

13       51.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 50

14  inclusive as if fully set forth herein.

15       52.    Defendant's failure to pay overtime in violation of *Labor Code* §510 and failure

16  to provide duty-free meal and rest periods in violation of *Labor Code* §512 entitles Plaintiff to

17  recover civil penalties and underpaid wages as an aggrieved employee, in a representative action

18  on behalf of himself and other aggrieved drivers, pursuant to California *Labor Code* Division 2,

19  Part 2, Chapter 1, Section 558(a), which provides as follows:

20           Any employer or other person acting on behalf of an employer who
             violates, or causes to be violated, a section of this chapter or any provision
21           regulating hours and days of work in any order of the Industrial Welfare
             Commission shall be subject to a civil penalty as follows: (1) For any
22           initial violation, fifty dollars ($50) for each underpaid employee for each
             pay period for which the employee was underpaid in addition to an
23           amount sufficient to recover underpaid wages. (2) For each subsequent
             violation, one hundred dollars ($100) for each underpaid employee for
24           each pay period for which the employee was underpaid in addition to an
             amount sufficient to recover underpaid wages. (3) Wages recovered
25           pursuant to this section shall be paid to the affected employee.

26

27       53.    Defendant's failures to pay the legal minimum wage for all straight time, in

28  accordance with California law, including that of *Labor Code* §1197, and the applicable Wage

                                    18
                                **COMPLAINT**

1    Orders, entitle Plaintiff to recover civil penalties as an aggrieved employee on behalf of himself

2    and other aggrieved drivers, pursuant to *Labor Code* §1197.1.

3         54.    Defendant's failures to pay on the regular pay day all owed wages pursuant to

4    *Labor Code* §204, entitle Plaintiff to recover civil penalties as an aggrieved employee on behalf

5    of himself and other aggrieved drivers, pursuant to *Labor Code* §210.

6         55.    Defendant's failures to provide itemized wage statements, including statements

7    accurately setting forth gross and net wages earned, in accordance with *Labor Code* §226(a),

8    entitle Plaintiff to recover civil penalties as an aggrieved employee on behalf of himself and

9    other aggrieved drivers, pursuant to *Labor Code* §226.3.

10        56.    Defendant's failures to keep accurate payroll records, in accordance with *Labor*

11   *Code* §1174, entitle Plaintiff to recover civil penalties as an aggrieved employee on behalf of

12   himself and other aggrieved drivers, pursuant to *Labor Code* §1174.5.

13        57.    Defendant's failures to provide duty-free meal and rest periods and to timely pay

14   all wages owed including the legal minimum wage and/or overtime in accordance with *Labor*

15   *Code* §§203, 226.7 and 1194, entitle Plaintiff to recover the default civil penalties as an

16   aggrieved employee on behalf of himself and other aggrieved drivers, pursuant to *Labor Code*

17   §§2699(f), 2699.5.

18        58.    Plaintiff has complied with the procedural requirements specified in *Labor Code*

19   § 2699.3 as to each of the alleged violations herein.  Within 33-days of mailing the notice to

20   Defendant and California's Labor and Workforce Development Agency, the Labor and

21   Workforce Development Agency has failed to independently investigate the alleged violations

22   asserted by Plaintiff, as an aggrieved employee on behalf of himself and other similarly situated

23   current and former drivers of Defendant, thus entitling Plaintiff herein to pursue causes of action

24   pursuant to *Labor Code* § 2699, *et seq.*

25        59.    As a result of the violations alleged herein, Plaintiff, in his representative capacity

26   as a private attorney general, seeks all civil penalties available as set forth in *Labor Code* §2699

27   et seq.  Therefore, pursuant to *Labor Code* § 2699, Plaintiff, as an aggrieved employee on behalf

28

19
**COMPLAINT**

1   of himself and other aggrieved drivers, is entitled to recover all civil penalties owed, attorneys'

2   fees, expenses, and costs of suit.

3       60.    In addition, if Plaintiff succeeds in enforcing these rights affecting the public

4   interest, then attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of*

5   *Civil Procedure* §1021.5 and other applicable law in part because:

6           (a)    A successful outcome in this action will result in the enforcement of

7   important rights affecting the public interest by requiring Defendant to comply with the wage

8   and hour laws and California's unfair business practice law;

9           (b)    This action will result in a significant benefit to Plaintiff, the Plaintiff

10   Class, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading

11   activity and by causing the return of ill-gotten gains obtained by Defendant;

12           (c)    Unless this action is prosecuted, members of the Plaintiff Class and

13   general public will not recover those monies, and many of Defendant's employees would not be

14   aware that they were victimized by Defendant's wrongful acts and practices;

15           (d)    Unless this action is prosecuted, Defendant will continue to mislead its

16   employees about the true nature of their rights and remedies under the wage and hour laws; and

17           (e)    An award of attorneys' fees and costs is necessary for the prosecution of

18   this action and will result in a benefit to Plaintiff the Plaintiff Class, and to the public in general

19   by preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate

20   the long-standing recognition by the California legislature and the courts that such statutes, as

21   pled herein, are not merely a matter of private concern between employer and employee to be

22   eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

23   agreements.  Rather, the wage and hour statutes have been described as a matter of public

24   concern, were designed to provide minimum substantive guarantees to individual workers, and

25   are essential to public welfare.

26

27

28

1

## PRAYER FOR RELIEF

2    WHEREFORE, Plaintiff, on their own behalf and on behalf of the Plaintiff Class, pray

3    for relief and judgment as follows:

4    a.    That the Court determine that this action may be maintained as a class action and

5    certify the Classes on the First through Fifth Causes of Action;

6    b.    That the Court determine that the failure of Defendant to pay for all time worked,

7    (including the legal minimum wage for straight time and premium rates for all overtime work

8    performed) to Plaintiff and Plaintiff Class Members for all time spent driving to and from the

9    Defendant's designated hotel and the dispatch center where trailers were hauled, non-personal

10   time spent at Defendant's designated hotels while on trips that Defendant required, time spent off

11   the clock while waiting to trade trailers with another driver, and time spent inspecting their

12   trucks, be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and

13   statutes;

14   c.    That judgment be entered for compensation for Plaintiff and Plaintiff Class

15   Members on the First Cause of action, according to proof;

16   d.    That judgment be entered for damages and/or penalties for Plaintiff and Plaintiff

17   Class Members on the Second, Third, and Fourth Causes of Action, according to proof;

18   e.    That Defendant be found to have engaged in unfair competition in violation of

19   *Business and Professions Code* Section 17200;

20   f.    That Defendant be ordered and enjoined to pay restitution to Plaintiff and Plaintiff

21   Class Members due to Defendant's unlawful and unfair competition, including wrongfully

22   withheld compensation, and interest thereon, pursuant to *Business and Professions Code*

23   Sections 17203 and 17204, according to proof;

24   g.    That Defendant be ordered to pay all civil penalties to Plaintiff, as a private

25   attorney general on behalf of other aggrieved drivers, pursuant to *Labor Code* §2699 et seq.

26   h.    That Plaintiff and the Plaintiff Class be awarded attorneys' fees and costs

27   pursuant to statute, including but not limited to: *Labor Code* Sections 218.5, 226, 1194, and

28   *Code of Civil Procedure* Section 1021.5;

1    i.    Otherwise determine the appropriate remedy to compensate Plaintiff and Plaintiff

2  Class Members as required to promote fairness and justice;

3    j.    Prejudgment interest; and

4    k.    Any other relief as this Court deems proper.

5

6  Dated: June 7, 2013                              WESTRUP KLICK, LLP
                                                    LABOR LAW OFFICE, APC
7

8
                                                    By:_____
9                                                      LAWRENCE R. CAGNEY
                                                       WESTRUP KLICK, LLP
10                                                     Attorneys for Plaintiff, the Class, and the
                                                       general public
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22
**COMPLAINT**

1

## PLAINTIFF' DEMAND FOR JURY TRIAL

2

3       Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

4   which they have a right to a jury trial.

5

6   Dated: June 12, 2013                              WESTRUP KLICK, LLP

7

8                                           By:_____

9                                               LAWRENCE R. CAGNEY
                                                WESTRUP KLICK, LLP
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1   KEITH A. JACOBY, Bar No. 150233
    LITTLER MENDELSON, P.C.
2   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
3   Telephone:    310.553.0308
    Fax No.:      310.553.5583
4
    MICHELLE B. HEVERLY, Bar No. 178660
5   KARIN M. COGBILL, Bar No. 244606
    LITTLER MENDELSON, P.C.
6   50 W. San Fernando, 15th Floor
    San Jose, CA  95113.2303
7   Telephone:    408.998.4150
    Fax No.:      408.288.5686
8
    MIREYA A. R. LLAURADO, Bar No. 194882
9   mallaurado@fedex.com
    FEDEX FREIGHT, INC.
10  3425 Victor Street
    Santa Clara, CA  95054
11  Telephone: 408.654.3186
    Facsimile: 408.654.3297
12
    Attorneys for Defendant
13  FEDEX FREIGHT, INC.

14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                          COUNTY OF KINGS

17

18  ROY D. TAYLOR, on behalf of himself         Case No.  13 C0154
    and all others similarly situated,
19                                              **DEFENDANT'S ANSWER TO CLASS
                    Plaintiff,                  ACTION COMPLAINT &
20                                              ENFORCEMENT UNDER THE PRIVATE
        v.                                      ATTORNEYS GENERAL ACT,
21                                              CALIFORNIA LABOR CODE §§ 2698 ET
    FEDEX FREIGHT, INC., an Arkansas            SEQ.**
22  Corporation; and DOES 1 through 10,
    inclusive,
23
                    Defendants.
24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0000

1    COMES NOW Defendant FEDEX FREIGHT, INC. (" FedEx Freight" or "Defendant"), for

2  itself and no other defendant, in answer to the unverified Complaint ("Complaint") of Plaintiff Roy

3  D. Taylor ("Taylor"), individually and on behalf of other persons similarly situated and as an

4  aggrieved employee pursuant to the Private Attorneys' General Act ("PAGA") ("putative aggrieved

5  employees"; collectively, Taylor and putative aggrieved employees are hereafter referenced as

6  "Plaintiffs"), hereby generally denies each and every allegation contained therein and the whole

7  thereof pursuant to Section 431.30 of the California Code of Civil Procedure, and denies that

8  Plaintiffs have been damaged or will be damaged in any sum.

9    By way of separate, additional and/or affirmative defenses to the Complaint and without

10  conceding that Defendant bears the burden of proof or the burden of persuasion as to any of these

11  issues, Defendant states and alleges as follows:

12                            **FIRST AFFIRMATIVE DEFENSE**

13                              (Inadequate Representation)

14    1.    As a separate and affirmative defense, Defendant alleges that the Complaint

15  and each cause of action set forth therein are barred because Taylor lacks standing as a

16  representative of the group of allegedly similarly situated persons he seeks to represent, and does not

17  adequately represent the putative aggrieved employees or other current and/or former employees of

18  Defendant.

19                          **SECOND AFFIRMATIVE DEFENSE**

20                                 (Lack of Standing)

21    2.    As a separate and affirmative defense, Defendant alleges that Plaintiff Taylor

22  and/or any of the other putative class members or other allegedly aggrieved employees lack standing

23  to bring this action for, and the Court lacks jurisdiction to award, certain of the penalties sought in

24  the Complaint, as such penalties may only be imposed in a proceeding brought by the California

25  Labor Commissioner.

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO COMPLAINT          2.                    Case No.  13 C0154

### THIRD AFFIRMATIVE DEFENSE

(Collateral Estoppel/Res Judicata)

3.     As a separate and affirmative defense to the Complaint, Defendant alleges that the Complaint each cause of action asserted therein or some of them, are barred by collateral estoppel and/or res judicata insofar as Taylor and/or any of the other putative class members or other allegedly aggrieved employees have litigated or will litigate issues raised by the Complaint prior to adjudication of those issues in the instant action.

### FOURTH AFFIRMATIVE DEFENSE

(Waiver and Release)

4.     As a separate and affirmative defense to the Complaint, Defendant alleges that the Complaint and each cause of action asserted therein or some of them, are barred by waiver and release insofar as Taylor and/or individual putative aggrieved employees have released or will release Defendant from liability for such claims asserted in the Complaint prior to adjudication of those claims in the instant action.

### FIFTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

5.     As a separate and distinct affirmative defense, Defendant alleges that Taylor' and/or any of the other putative class members' or other allegedly aggrieved employees' claims are barred by the doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

6.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each purported cause of action asserted therein, or some them, is barred in whole or in part by the applicable statute(s) of limitation, including without limitation, those set forth in California Code of Civil Procedure section 338 and 340, California Labor Code sections 203, 226 and 2699 et seq., and/or Business and Professions Code section 17208.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO COMPLAINT          3.                    Case No.  13 C0154

## SEVENTH AFFIRMATIVE DEFENSE

(Labor Code Violations – Lack of Injury)

7.     As a separate and distinctive affirmative defense, Defendant alleges that Taylor and/or any of the other putative class members or other allegedly aggrieved employees sustained no injury from any alleged failure to provide wage statements in conformity with Labor Code section 226(a), from the failure to maintain records pursuant to Labor Code section 1174 or from any other alleged violation of the California Labor Code

## EIGHTH AFFIRMATIVE DEFENSE

(Labor Code Violations – Willfulness)

8.     As a separate and distinctive affirmative defense, Defendant alleges that any alleged failure to provide Taylor and/or any of the other putative class members or other allegedly aggrieved employees, or some of them, with wage statements in conformity with Labor Code section 226(a), to maintain records pursuant to Labor Code section 1174, to pay Plaintiffs or any of them, timely and properly, or any other alleged violation of the California Labor Code was not willful.

## NINTH AFFIRMATIVE DEFENSE

(Consent)

9.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, in whole or in part to the extent that Taylor and/or any of the other putative class members or other allegedly aggrieved employees, or some of them, consented to, encouraged, or voluntarily participated in all actions taken, if any, including, but not limited to, the waiver of any meal or rest periods that were not taken.

## TENTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

10.     As a separate and distinct affirmative defense, Defendant alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges that, Taylor and/or any of the other putative class members or other allegedly aggrieved employees have failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against Defendant should be reduced and/or eliminated by

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S ANSWER TO COMPLAINT          4.          Case No. 13 C0154

1    such a failure.

### ELEVENTH AFFIRMATIVE DEFENSE

(Labor Code § 2699 – Statutory Penalties)

11.    As a separate and distinct affirmative defense, Defendant alleges that Taylor cannot recover statutory penalties pursuant to Labor Code section 226(e) on behalf of other allegedly "aggrieved employees" pursuant to the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*

### TWELFTH AFFIRMATIVE DEFENSE

(Labor Code § 2699 – Representative Action)

12.    As a separate and distinct affirmative defense, Defendant alleges that it is a violation of Defendant's due process rights if Taylor seeks to adjudicate the claims of other present or former employees of Defendant, pursuant to the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*, without first establishing that the claims or defenses of Taylor are typical of the claims or defenses of the other employees Taylor purports to represent, or without first establishing that there are common questions of law and fact to all of the employees whom Taylor purports to represent.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Labor Code § 2699.3 – Administrative Requirements)

13.    As a separate and distinct affirmative defense, Defendant alleges that Taylor's Complaint for civil penalties is barred because Taylor failed to properly exhaust the notice and other administrative requirements set out in the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*

### FOURTEENTH AFFIRMATIVE DEFENSE

(Labor Code § 2699 – Aggrieved Employee)

14.    As a separate and distinct affirmative defense, Defendant alleges that Taylor lacks standing to bring claims for civil penalties on behalf of others because he is not an "aggrieved employee," pursuant to the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO COMPLAINT          5.                    Case No. 13 C0154

### FIFTEENTH AFFIRMATIVE DEFENSE

(Labor Code § 2699 – Other Aggrieved Employees)

15.     As a separate and distinct affirmative defense, Defendant alleges that Taylor lacks standing to bring claims for civil penalties on behalf of other allegedly "aggrieved employees" because he has failed to identify them, pursuant to the Labor Code Private Attorneys General Act, Labor Code sections 2698, *et seq.*

### SIXTEENTH AFFIRMATIVE DEFENSE

(Labor Code § 2699(f) – Initial Violation)

16.     As a separate and distinct affirmative defense, Defendant alleges that, insofar as Defendant has never been cited by the Labor Commissioner, or received a judgment against them in a court of law, with respect to any of Plaintiffs' Labor Code claims, any civil penalties awarded to Plaintiff under the Labor Code Private Attorneys General Act, Labor Code section 2698, et seq., must be limited to those penalties applicable to an initial violation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Labor Code § 2699(a) – Duplicative Civil Penalties)

17.     As a separate and distinct affirmative defense, Defendant alleges that Taylor and/or any of the other putative class members or other allegedly aggrieved employees are not entitled to recovery of civil penalties under the Labor Code Private Attorneys General Act, Labor Code section 2698, *et seq.*, to the extent that such penalties are sought in addition to penalties for the same claims and such duplicative recovery is barred and would constitute unjust enrichment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Labor Code § 2699(f) – Civil Penalties)

18.     As a separate and distinct affirmative defense, Defendant alleges that Taylor and/or any of the other putative class members or other allegedly aggrieved employees are not entitled to recovery of default civil penalties under Labor Code section 2699(f) for the alleged violation of Labor Code sections for which civil penalties are specifically provided.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO COMPLAINT          6.                     Case No. 13 C0154

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Labor Code § 2699 – Unconstitutionally Vague)

19.     As a separate and distinct affirmative defense, Defendant alleges that the the fifth cause of action is barred because the Labor Code Private Attorneys General Act, Labor Code section 2698 et seq., is unconstitutionally vague and overbroad as applied to the facts and circumstances of this case.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Due Process)

20.     As a separate and affirmative defense to the Complaint, Defendant alleges that the imposition of replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005); *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Injunctive Relief is Improper)

21.     As a separate and distinct affirmative defense, Defendant alleges that injunctive relief is improper in this case as the harms alleged by Taylor have an adequate remedy at law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Offset)

22.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action therein, or some of them, is barred in whole or in part against Defendant because the recovery of Taylor and/or any of the other putative class members or other allegedly aggrieved employees, if any, must be offset by any benefits and/or other monies they have received or will receive, including overpayments by Defendant, if any.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO COMPLAINT          7.          Case No.  13 C0154

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(*De Minimis* Time)

23.      As a separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that such claims are barred, or damages and/or penalties must be reduced, for some or all of the putative aggrieved employees because they worked for *de minimis* and/or insignificant periods of time.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(IWC Orders – Due Process)

24.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage order(s) of the Industrial Welfare Commission is unconstitutionally vague and ambiguous and violate Defendant' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Preemption - Federal Aviation Administration Authorization Act)

25.      As a separate and affirmative defense to the Complaint, Defendant alleges that the Complaint, each purported cause of action, or some of them, is barred in whole or in part by the provisions of the Federal Aviation Administration Authorization Act of 1994 ("FAAAA").

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Motor Carrier Exemption)

26.      As a separate and affirmative defense to the Complaint, Defendant asserts that Taylor and/or any of the other putative class members or other allegedly aggrieved employees are regulated by the Hours of Service and other rules promulgated by Federal Motor Carrier Safety Administration ("FMCSA") of the U.S. Department of Transportation ("DOT"), including the Hours of Service ("HOS") regulations, and thus, are exempt from certain California state wage and hour laws and regulations, including state law pertaining to the payment of overtime and entitlement to rest breaks, because such laws are preempted by the United States DOT Federal Regulations and other DOT related provisions.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO COMPLAINT          8.                    Case No. 13 C0154

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Preemption-Hazardous Materials Transportation Act)

27.   Defendant alleges that the provisions of the Hazardous Materials Transportation Act, 49 U.S.C. section 5101, *et seq.*, conflict with the requirements of California Labor Code section 226.7, such that Defendant's compliance with the Hazardous Materials Transportation Act necessarily precludes compliance with Labor Code section 226.7, and therefore under principles of conflict preemption, federal law supersedes any contrary state law requirements and accordingly, all claims based on and derivative of claim under Labor Code section 226.7 must be adjudicated in Defendant's favor.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

28.   As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, or any recover should be reduced, pursuant to the avoidable consequences doctrine because Defendant took reasonable steps to prevent and correct improper wage payments, if any, and to ensure compliance with the California Labor Code.  Taylor and/or any of the other putative class members or other allegedly aggrieved employees, or some of them, unreasonably failed to use the preventative and corrective opportunities provided to them by Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not all, of the harm that Plaintiffs allegedly suffered.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(No Uniform Practice Causing Plaintiffs' Harm)

29.   As a separate and distinct affirmative defense, Defendant alleges that the alleged injuries suffered by Taylor and/or any of the other putative class members or other allegedly aggrieved employees were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO COMPLAINT          9.          Case No.  13 C0154

## THIRTIETH AFFIRMATIVE DEFENSE

### (Laches, Waiver, Estoppel and Unclean Hands)

30.     As a separate and distinct affirmative defense, Defendant alleges that some or all of the purported causes of action alleged in the Complaint are barred in whole or in part by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Labor Code § 203, 210 - Plaintiffs Avoided Tendered Payments)

31.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint cannot be maintained against Defendant because Taylor and/or any of the other putative class members or other allegedly aggrieved employees, or some of them, secreted or absented themselves to avoid payment of wages, thereby relieving Defendant of liability for penalties under Labor Code sections 203 and/or 210.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Labor Code § 203, 210 – Good Faith Dispute)

32.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint cannot be maintained against Defendant because a good faith dispute existed and continues to exist over whether Taylor and/or any of the other putative class members or other allegedly aggrieved employees were ever entitled to wages, thereby relieving Defendant of liability for penalties under Labor Code sections 203 and/or 210.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (*Bona Fide* Dispute)

33.     As a separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that such claims are barred because there is a bona fide dispute as to whether further compensation is actually due to Taylor and/or any of the other putative class members or other allegedly aggrieved employees, or some of them, and, if such compensation is due, as to the amount of such further compensation.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO COMPLAINT              10.                    Case No. 13 C0154

1    **THIRTY-THIRD AFFIRMATIVE DEFENSE**

2    (Class Action Deficiencies)

3        34.    As a separate and distinct defense, Defendant alleges, as to each purported

4    cause of action set forth in the Complaint as a representative or class action, that this suit may not be

5    properly maintained as a representative or class action because: (a) Taylor has failed to plead, and

6    cannot establish the necessary procedural elements for, such treatment; (b) a representative or class

7    action is not an appropriate method for the fair and efficient adjudication of the claims described in

8    the Complaint; (c) common issues of fact or law do not predominate, rather, to the contrary,

9    individual issues predominate; (d) Taylor's claims are not representative or typical of the claims of

10   the putative aggrieved employees; (e) Taylor cannot fairly and adequately represent the interests of

11   the purported class; (f) Taylor and alleged putative class counsel are not adequate representatives for

12   the alleged putative class; (g) class treatment is neither appropriate nor constitutional under the

13   circumstances in this case; and/or (h) a well-defined community of interest in the questions of law

14   and/or fact affecting Plaintiffs does not exist.

15   **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

16   (Good Faith)

17       35.    As a separate and distinct defense, Defendant alleges that any act or

18   omission giving rise to any failure to pay minimum wages was done in good faith and that it had

19   reasonable grounds for believing that the act or omission was not a violation of any provision of the

20   Labor Code relating to minimum wage, or an order of the Industrial Welfare Commission and,

21   accordingly, Taylor and/or any of the other putative class members or other allegedly aggrieved

22   employees are not entitled to liquidated damages.

23   **ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES**

24       Defendant presently has insufficient knowledge or information upon which to form a

25   belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert

26   additional defenses or affirmative defenses in the event discovery indicates such defenses are

27   appropriate.

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO COMPLAINT    11.    Case No. 13 C0154

1      WHEREFORE, Defendant prays for judgment as follows:

2          1.      That Plaintiffs take nothing and that the Complaint be dismissed in its entirety with

3  prejudice;

4          2.      That judgment be entered in Defendant's favor;

5          3.      That Defendant be awarded its attorneys' fees and costs of suit herein; and

6          4.      That Defendant be awarded such other and further relief as the Court deems just and

7  proper.

8

9  Dated: July 18, 2013                              LITTLER MENDELSON, P.C.

10

11                                          By: _Karin Cogbill_____

12                                              KEITH A. JACOBY
                                                MICHELLE B. HEVERLY
13                                              KARIN M. COGBILL
                                                Attorneys for Defendant
14                                              FEDEX FREIGHT, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO COMPLAINT          12.                    Case No.  13 C0154

**POS-040**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Keith A. Jacoby (Bar #150233) Michelle B. Heverly (Bar #178660)<br>Karin M. Cogbill (Bar #244606)<br>Littler Mendelson, P.C.<br>50 W. San Fernando Street, San Jose, CA 95113-2431<br>TELEPHONE NO: 408.998.4150    FAX NO. *(Optional):* 408.366.2686<br>E-MAIL ADDRESS *(Optional):* mheverly@littler.com; kcogbill@littler.com<br>ATTORNEY FOR *(Name):* DEFENDANT FEDEX FREIGHT, INC. | CONFORMED COPY<br>ORIGINAL FILED ON<br><br>JUL 1 8 2013<br><br>TODD H. BARTON, COURT EXECUTIVE OFFICER<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF KINGS<br><br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
STREET ADDRESS: 1426 South Drive
MAILING ADDRESS: Same
CITY AND ZIP CODE: Hanford, CA 93230
BRANCH NAME: Hanford Courthouse

PLAINTIFF/PETITIONER: Roy D. Taylor

DEFENDANT/RESPONDENT: FedEx Freight, Inc.

| PROOF OF SERVICE—CIVIL | CASE NUMBER:<br>13 C0154 |
|---|---|

**Check method of service** *(only one):*

| ☐ By Personal Service | ☒ By Mail | ☐ By Overnight Delivery | JUDGE: |
|---|---|---|---|
| ☐ By Messenger Service | ☐ By Fax | ☐ By Electronic Service | DEPT.: |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   Littler Mendelson, P.C., 50 W. San Fernando St., 15th Floor, San Jose, CA 95113-2431

3. ☐ The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):*                          I served the following documents *(specify):*


   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the person or persons below, as follows:
   a. Name of person served: R. Duane Westrup, Lawrence R. Cagney
   b. ☒ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      Westrup Klick, LLP, 444 West Ocean Blvd., Suite 1614, Long Beach, CA 90802-4524

   c. ☐ *(Complete if service was by fax or electronic service.)*
      (1) Fax number or electronic service address where person was served:


      (2) Time of service:

   ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 3

PROOF OF SERVICE—CIVIL
(Proof of Service)

Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rules 2.260, 2.306
www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

| CASE NAME | CASE NUMBER |
|---|---|
| Taylor v. FedEx Freight, Inc. | 13 C0154 |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Jose, CA

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 18, 2013

Page S. Bridges
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 2 of 3

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:<br>Keith A. Jacoby (Bar #150233) Michelle B. Heverly (Bar #178660)<br>Karin M. Cogbill (Bar #244606)<br>Littler Mendelson, P.C.<br>50 W. San Fernando Street, San Jose, CA 95113-2431<br>TELEPHONE NO.: 408.998.4150   FAX NO. *(Optional)*: 408.366.2686<br>E-MAIL ADDRESS *(Optional)*: mheverly@littler.com; kcogbill@littler.com<br>ATTORNEY FOR *(Name)*: DEFENDANT FEDEX FREIGHT, INC. | *FOR COURT USE ONLY* |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** KINGS<br>STREET ADDRESS: 1426 South Drive<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Hanford, CA 93230<br>BRANCH NAME: Hanford Courthouse | |
| PLAINTIFF/PETITIONER: Roy D. Taylor | |
| DEFENDANT/RESPONDENT: FedEx Freight, Inc. | CASE NUMBER:<br>13 C0154 |

| | |
|---|---|
| **AMENDED PROOF OF SERVICE—CIVIL**<br><br>**Check method of service** *(only one):*<br>☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery<br>☐ By Messenger Service   ☐ By Fax   ☐ By Electronic Service | JUDGE:<br><br>DEPT.: |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   Littler Mendelson, P.C., 50 W. San Fernando St., 15th Floor, San Jose, CA 95113-2431

3. ☐   The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* July 18, 2013          I served the following **documents** *(specify):*
   Defendant's Answer to Class Action Complaint & Enforcement Under the Private Attorneys General Act, California Labor Code §§ 2698 Et Seq.

   ☐   The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a.   Name of person served: R. Duane Westrup, Lawrence R. Cagney
   b.   ☒   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
       Business or residential address where person was served:
       Westrup Klick, LLP, 444 West Ocean Blvd., Suite 1614, Long Beach, CA 90802-4524

   c.   ☐   *(Complete if service was by fax or electronic service.)*
       (1) Fax number or electronic service address where person was served:

       (2) Time of service:
       ☐   The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a.   ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1010.6, 1011, 1013, 1013a, 2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>www.courts.ca.gov

American LegalNet, Inc.<br>www.FormsWorkFlow.com

POS-040

| CASE NAME | | CASE NUMBER |
| Taylor v. FedEx Freight, Inc. | Case 1:13-at-00494   Document 1   Filed 07/19/13   Page 59 of 59 13 C0154 | |

Case 1:13-at-00494   Document 1   Filed 07/19/13   Page 59 of 59

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one)*:

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Jose, CA

  c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 19, 2013

Page S. Bridges
_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

Page 2 of 3



American LegalNet, Inc.
www.FormsWorkFlow.com