# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY D. TAYLOR, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FEDEX FREIGHT, INC., an Arkansas Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 1:13-CV-01137-LJO-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING CLASS CERTIFICATION.<br><br>(Doc. 17, 36) |

## I.  INTRODUCTION

On May 15, 2015, the Magistrate Judge issued Findings and Recommendations ("F & Rs") that (1) Plaintiff's motion for class certification be granted; (2) the class should be defined as: all persons who worked for Defendant as line-haul drivers from January 28, 2012 through the date of trial, and all class members who have left their employment with Defendant from January 28, 2012, through the date of trial; (3) Roy D. Taylor be appointed as Class representative; and (4) the law firm of Westrup & Associates and the Labor Law Office, APC be appointed as Class Counsel. (Doc. 36). On May 29, 2015, Defendants filed objections to the F & Rs. (Doc. 39). On June 12, 2015, Plaintiff filed a response to Defendants' objections. (Doc. 40). This matter is now ripe for decision.

//

//

## II. DISCUSSION

In their objections, Defendants' primary argument is that Plaintiff has failed to offer a valid trial plan for damages relating to rest breaks under Rule 23(b)(3), as required under *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2012). (Doc. 39).[1] Defendants contend that the method for computing damages proposed by Plaintiff fails because "individual damage calculations . . . overwhelm questions common to the class," *id.* at 3:9 (Internal quotations omitted), and that damages are incapable of common determination, *id.* at 7:20-21. Specifically, Defendants argue that the electronic records upon which Plaintiff's method for computing damages relies do not exist. *Id.* at 3-5. Defendants acknowledge that there are handwritten records ("DOT logs") containing the information needed for statistical analysis under Plaintiff's method, but claim that the lack of electronic records is fatal to Plaintiff's trial plan for damages because the proposed trial plan is based exclusively upon electronic records and not the DOT logs. *Id.* at 3-7. Further, Defendants claim that Plaintiff did not offer any "examples or additional information supporting [Plaintiff's] argument . . . that the records at issue are capable of sampling and/or expert review." *Id.* at 4:3-4. In addition, Defendants object to the appointment of Plaintiff as Class representative. Defendants claim that Plaintiff did not accurately log information on his DOT logs and handheld time records. *Id.* at 7. Defendants contend that this demonstrates that "[Plaintiff's] interests do not align with the interests of the putative class," and "[t]hus, the method used to calculate [Plaintiff's] damages will be different from the rest of the class." *Id.* at 7:22-25. Defendants also object to the class definition because they allege it is unascertainable and it presents a risk of one-way intervention. *Id*. at 8-9.

In response to Defendants' objections, Plaintiff maintains that there is ample evidence in the record to support the Magistrate Judge's finding that Plaintiff's trial plan for damages is adequate. (Doc. 40). Plaintiff points to the deposition testimony of FedEx Transportation Manager Jeffrey Scroggins and FedEx Field-Human Resources Manager Katyna Naylor, both of whom acknowledge that rest breaks are recorded electronically on handheld devices. *Id.* at 6:4-19. In

---

[1] In Defendants' Objections to the F & Rs, Defendants state in a subheading that Plaintiff has not shown sufficient commonality required under Rule 23(a). (Doc. 39 at 5). However, the body of the argument under that heading addresses Plaintiff's failure to provide a method to "calculate damages on a class-wide basis," mirroring their predominance argument under Rule 23(b)(3). *Id.* at 7:5 (original emphasis omitted). Defendants even state that "it is undisputed that there is commonality in the questions [Plaintiff] poses above." *Id.* at 6:25. For these reasons, the Court finds that Defendants do not raise objections related to commonality under Rule 23(a).

2

addition, Plaintiff states that he presented the Magistrate Judge with written policies "decrib[ing] FedEx's procedures for drivers to acknowledge the taking of meal and rest periods on log grids and handheld devices." *Id.* at 6:20-22. Plaintiff claims that Defendants failed to submit any evidence of their own to prove that the F & Rs are erroneous. *Id.* at 6. Plaintiff responds to Defendants objection to the Class representative, claiming that the argument Defendants raise is the same as the one rejected by the F & Rs. *Id.* at 8. In response to the class definition, Plaintiff suggests "providing notice following an order granting class certification, and a supplemental mailing of notice to new hires near the time of trial which would provide them with the opportunity to opt out." *Id*. at 10.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the F & Rs regarding class certification are supported by the record and proper analysis and class certification is warranted.

This Court is not persuaded by Defendants' objections to the adequacy of the trial plan for damages and adequacy of Plaintiff as Class representative. Defendants' objections are virtually identical to the arguments considered and properly rejected by the Magistrate Judge's well-reasoned Findings and Recommendations. This Court rejects Defendants' objections for the same reasons stated in the F & Rs. The Court now turns to Defendants' remaining objections to the class definition.

**A. One-Way Intervention and Ascertainability of Class Definition**

Defendants claim that "[t]he rolling class defined by the [F & Rs]," places Defendants at risk of one-way intervention. (Doc. 39 at 8:4) (internal quotations omitted). Defendants rely on *Villa v. San Francisco Forty-Niners, Ltd.*, --- F.Supp 3d.----, 2015 WL 2250239 at *2 (N.D. Cal. May 13, 2015), for the proposition that the F & Rs' class definition, "with no definite ending date other than the date of trial," creates a problem that "not-yet bound absent plaintiffs may elect to stay in a class after favorable merits rulings but opt out after unfavorable ones." (Doc. 39 at 8). In *Villa*, the plaintiff filed for summary judgement two days prior to filing for class certification. 2015 WL 2250239 at *2. The defendants argued that summary judgment was procedurally improper prior to class certification under the one-way intervention rule. *Id.* The district court explained that one-way

3

intervention occurs when "the members of a class not yet certified can wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one." *Id.* It stated that deciding the merits of plaintiff's motion for summary judgment would be "the very 'one-way intervention' problem warned of," in the court's review of the rule. *Id.* It held that the one-way intervention rule applied and denied plaintiff's motion for summary judgment.[2] *Id.*

Defendants' contention that by "leaving th[e] class open indefinitely – through the date of trial – the Court has created the same Due Process concerns that the *Villa*" court found unacceptable is incorrect. (Doc. 39 at 8:20-21). Plaintiff is not moving for summary judgment, or any other dispositive ruling prior to class certification. Rather, Plaintiff is only seeking to certify the class. Therefore, there is no risk that the Court will rule on the merits prior to certification. In addition, the class definition does not extend beyond the date of trial, which precludes the possibility of class members retaining the option to participate in or withdraw from the class after a merits ruling. Accordingly, the Court finds the class definition does not violate the one-way intervention rule.

Defendants also argue that the class as presently defined is unascertainable because the "class definition would include persons who [Defendants] ha[ve] not even hired yet." (Doc. 39 at 9:4-5). This argument is without merit. In the Ninth Circuit, it is common in class actions for class definitions to include future members. *See, e.g., Rodriguez v. Hayes*, 591 F.3d 1105, 1118 (9th Cir. 2010) ("The inclusion of future class members in a class is not itself unusual or objectionable.").

In addition, Defendants state that the definition "include[s] employees hired after the class notice goes out later this year," and propose to close the definition as of the date the class notice is sent out. (Doc. 39 at 9). Defendants claim that "[a]nyone who is not given notice of this action could not be bound by any orders or judgments in this case." *Id.* In response, Plaintiff proposes "providing notice following an order granting class certification, and a supplemental mailing of notice to new hires near the time of trial which would provide them with the opportunity to opt

---

[2] Defendants also rely on *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 549 (1974), for support. That case involved "an aspect of the relationship between a statute of limitations and the provisions of Fed.[ R] Civ.[ Pro.] 23 regulating class actions in the federal courts." *Id.* at 540. Defendants cite to a passage pertaining to the definition of the one-way intervention rule. The definition provided by *American Pipe* is adequately represented by the *Villa* decision.

4

out." (Doc. 40 at 10:21-22). The Court agrees with Plaintiff's proposal. Supplemental mailing prior to trial ensures that future members will receive adequate notice.

## III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued May 15, 2015 are ADOPTED IN FULL;

2. Plaintiff's motion for Class Certification is GRANTED;

3. The following classes are certified:

   a) All persons who worked for Defendant as line-haul drivers from January 28, 2012 through the date of trial.

   b) All Class Members who have left their employment with Defendant from January 28, 2012, through the date of trial. (Labor Code §203: Waiting time penalties subclass).

4. Roy D. Taylor is appointed as Class representative;

5. The law firm of Westrup & Associates and the Labor Law Office, APC is appointed as Class Counsel.

As included in the F & Rs, the Magistrate Judge will set a scheduling.

IT IS SO ORDERED.

Dated:  **July 24, 2015**         **/s/ Lawrence J. O'Neill**
                                  UNITED STATES DISTRICT JUDGE